83 F.3d 433
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Isa Abdullah R. SHABAZZ, Plaintiff-Appellant,
v.
Jerry JOHNSON, Deputy Director; Stephen W. Kaiser, Warden;
Gary D. Maynard, Defendants-Appellees.
 No. 95-6285.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 BROWN, Senior District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. Plaintiff's motion to "supplement the record" is granted.
 
 
 4
 This appeal is taken from the district court's grant of summary judgment to defendants on the single remaining claim in plaintiff's civil rights suit against prison officials. Plaintiff claimed that officials violated his First and Fourteenth Amendment rights by requiring use of his "Christian Slave name" despite a legal name change following his conversion to an Islamic religion. In light of a 1990 change in policy by the Department of Corrections stating that inmates will not be punished or denied services or benefits because of the use of a legally changed name, the district court ruled that plaintiff's name claim was moot. This court remanded the issue for further consideration in light of allegations plaintiff made in a supplemental pleading pending appeal. Therein, plaintiff claimed that prison officials continued to refuse to recognize his legally adopted name despite the new policy.
 
 
 5
 On remand, plaintiff was allowed to file an amended complaint on this single issue. He alleged violations of the 1990 policy and contended that he had been punished for using his legally changed name. Defendants moved for summary judgment. Plaintiff responded and also requested appointment of counsel. After further briefing, the district court granted summary judgment to defendants. In the magistrate judge's report and recommendation, plaintiff's allegations and arguments were set out and analyzed in detail. The district court expressed doubts about the reliability of some of the documentary evidence presented by plaintiff, but ruled that 1) there is no evidence of a policy or practice by defendants to refuse to recognize plaintiff's legally adopted name, 2) even if plaintiff's allegations are true, the incidents are but a de minimis infringement on plaintiff's First Amendment rights and do not create an inference of punishment, 3) the 1990 policy adopted by DOC is constitutional, 4) the record demonstrates a reasonable accommodation of plaintiff's free exercise rights, and 5) no reasonable jury would find constitutional violations in the incidents as alleged. Accordingly, the district court, concluding that no dispute of material fact existed on the issue, granted summary judgment to defendants and denied plaintiff's request for counsel.
 
 
 6
 Our jurisdiction over this appeal arises from 28 U.S.C. 1291. We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court. Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir.1995). However, our review of the court's denial of plaintiff's motion for appointment of counsel is reviewed for abuse of discretion only. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995). Finally, we construe plaintiff's pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 7
 On appeal, plaintiff argues that material factual disputes exist which preclude summary judgment, contends that the district court improperly weighed the evidence in reaching its decision, and asserts that the district court abused its discretion in failing to appoint counsel. After careful review of the entire record on appeal, we conclude that the district court correctly decided this case. The district court neither determined factual matters nor weighed evidence, as plaintiff contends. Rather, it determined as a matter of law that, even if plaintiff's allegations were true, they would not rise to the level of a constitutional violation. Because the district court's analysis assumed, arguendo, that plaintiff's allegations were true, no material factual disputes existed which preclude judgment in this case.
 
 
 8
 Based on its legal ruling that plaintiff's claims do not rise to the level of a constitutional violation, we see no abuse of discretion in the district court's denial of plaintiff's motion for appointment of counsel. Further, plaintiff appears to have competently pursued this case through almost six years of litigation, and demonstrates an understanding of the legal issues involved. See Rucks, 57 F.3d at 979.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation