**UNITED STATES COURT OF APPEALS**
**Filed 9/26/96**
**TENTH CIRCUIT**

MARKIE K. GARNER,

     Plaintiff - Appellant,

     v.

LARRY FIELDS; BOBBY BOONE;
ANITA TRAMMELL; JIM
WALLACE; ERVIN POOL,

     Defendants - Appellees.

No. 96-5066
(D. Ct. No. CV-95-36)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant Markie K. Garner appeals from an order of the district court

granting summary judgment in favor of the defendants in his 42 U.S.C. § 1983

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

action.  Garner also appeals the denial of his motions for discovery and appointment of counsel.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

Garner, an inmate incarcerated within the Oklahoma Department of Corrections (DOC), brought a pro se civil rights action pursuant to 42 U.S.C. § 1983 against several DOC officials.  He alleges that the officials violated his Eighth Amendment rights for failure to protect him against rape by his cellmate and for deliberate indifference to his serious medical needs after the rape.  On appeal, Garner contends that: (1) the district court erred in holding that no reasonable jury could return a verdict for Garner; (2) the district court improperly denied Garner the opportunity to conduct discovery before ruling on defendants' summary judgment motion; and (3) the district court improperly denied Garner's request for appointment of counsel.

## DISCUSSION

**I.      Summary Judgment**

We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c).  Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995).  Prison officials can be held liable under the Eighth Amendment for denying an inmate

humane conditions of confinement only if they know that an inmate faces a substantial risk of serious harm and they disregard that risk. Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). The district court granted summary judgment against Garner, concluding that he failed to present any fact showing that the defendants disregarded a serious risk of harm of which they were aware. After reviewing the record, we agree with the district court that Garner failed to show that the defendants knew Garner was in danger of attack by the inmate in question.

On two occasions before the alleged attack in this case, Garner requested protective custody after notifying DOC officials that several inmates had threatened his life. Prison officials moved Garner to a different facility each time. In this case, Garner requested protective custody from his attacker only after the alleged attack. Garner is unable to point to any evidence that DOC officials knew Garner was in danger of attack by his cellmate. Accordingly, the district court did not err by granting summary judgment on the basis of Garner's failure to produce evidence sufficient to support a jury verdict.

## II. Discovery Request

We review a denial of a discovery request for an abuse of discretion. Building & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1496 (10th Cir. 1993). The district court denied Garner's discovery request, concluding that all

relevant documents and reports were made available to Garner in the court-ordered Special Report prepared pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Moreover, the district court ordered that no discovery take place until it ruled on the defendants' motion for summary judgment and request for qualified immunity. Because Garner had all the relevant documents and reports that he needed to pursue his claims, we do not find that the district court's denial of discovery was an abuse of discretion.

## III. Assistance of Counsel

We review a denial of an appointment of counsel in a civil case for abuse of discretion. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In the case of an indigent plaintiff, the district court has discretion to appoint counsel where, under the totality of circumstances of the case, the denial of counsel would result in a fundamentally unfair proceeding. McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985). In exercising its discretion, the district court should consider the merits of the litigation, the factual issues raised, the litigant's ability to present his claims, and the complexity of the legal issues involved. Rucks, 57 F.3d at 979. We conclude that the district court carefully reviewed the merits of Garner's claims and his capability to investigate and present his case in reaching the conclusion that appointment of counsel was not necessary. Therefore, we do not find that the district court's denial of Garner's motion for

appointment of counsel was an abuse of discretion.  AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge