**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALDEN LAMONT MOORE,

        Plaintiff-Appellant,

v.

MICHAEL COOKSEY, MICHAEL
PUGH, G.L. HERSHBERGER,
and L.R. KOWALSKI,

        Defendants-Appellees.

No. 00-1109
(D.C. No. 98-WM-2321)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Alden Lamont Moore, a federal prisoner, appeals the dismissal of his pro se complaint filed under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Rehabilitation Act, 29 U.S.C. § 794(a). We affirm.

Moore was transferred from a prison in Lompoc, California, to the control unit in the Administrative Maximum facility (ADX) at Florence, Colorado, after he stabbed another inmate with an ice pick-type weapon. In his complaint, Moore claimed that the transfer to ADX, the conditions of confinement there, and the ADX medical treatment for his AIDS-related symptoms violate his rights under the Constitution and the Rehabilitation Act. Specifically, he asserted that he was transferred to ADX because of his HIV-positive status, that his access to showers at ADX was limited based on discriminatory motives, and that medical care providers at ADX improperly concluded that his needs could be met at that facility. Moore sought money damages and an injunction requiring his transfer to a facility that houses a general population of HIV-positive prisoners.

Upon defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the matter was referred to a magistrate judge. As to Moore's claims for damages under the Rehabilitation Act, the magistrate judge recommended dismissal because none of the named defendants are subject to personal liability for damages, R., Vol. 2, Doc. 16 at 5

(citing Hiler v. Brown , 177 F.3d 542, 545-46 (6th Cir. 1999) (stating that the Rehabilitation Act does not permit actions against persons in their individual capacities)).  Furthermore, the magistrate judge concluded that the Bureau of Prisons and its director are shielded by sovereign immunity.  R., Vol. 2, Doc. 16 at 6 (citing Lane v. Pena , 518 U.S. 187, 197, 200 (1996)).  Finally, Moore failed to allege facts demonstrating that his treatment was due to his disability.  R., Vol. 2, Doc. 16 at  10-12 (citing Randolph v. Rodgers , 170 F.3d 850, 858 (8th Cir. 1999) (setting out elements of a prima facie case under the Rehabilitation Act)).

Concerning Moore's constitutional claims, the magistrate judge determined that:

(1)  Conditions in ADX are within "'the range of confinement to be normally expected for one serving'" a federal prison sentence and therefore the transfer to ADX did not involve an interest protected by the Due Process Clause.  R., Vol. 2, Doc. 16  at 7 (quoting Sandin v. Conner , 515 U.S. 472, 487 (1995)); see also Meachum v. Fano , 427 U.S. 215, 225 (1976) (explaining that the Due Process Clause does not protect a prisoner against transfer to a more restrictive prison);

(2)  Moore's allegations of disparate treatment did not support an equal protection claim.  R., Vol. 2, Doc. 16 at 7-8 (citing, e.g., Romer v. Evans ,

-3-

517 U.S. 620, 631 (1996) (stating that a classification which bears a "rational relation to some legitimate end" generally complies with the Equal Protection Clause)); and

(3) Moore's disagreement with practitioners as to appropriate medical treatment was not actionable as a constitutional claim because Moore did not exhaust his available administrative remedies, R., Vol. 2, Doc. 16 at 9-10 (citing 42 U.S.C. § 1997e(a)), and failed to allege facts showing that defendants acted with deliberate indifference to his serious medical needs, R., Vol. 2 at 13-15 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

The magistrate judge therefore recommended dismissal of Moore's claims for damages and denial of his requests for injunctive relief. After considering Moore's objections, the district court adopted the magistrate judge's recommendation and dismissed the case. On appeal, Moore challenges the dismissal. Additionally, he contests the magistrate judge's denial of his request for appointment of counsel and refusal to conduct an investigation into alleged malpractice on the part of a government attorney.

This court reviews de novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, accepting the facts pleaded as true. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A Rule 12(b)(6) dismissal is upheld only if it appears "beyond doubt that the

-4-

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quotation omitted). After a careful review of the record, we conclude that the district court correctly determined that Moore's allegations are insufficient to impose liability under the Rehabilitation Act or demonstrate violations of Moore's constitutional rights.

Concerning the denial of appointment of counsel in a civil case, we review the district's court determination for an abuse of discretion. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In considering whether to appoint counsel, the factors the district court should take into account include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" Id. (quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)). Because Moore's claims lack merit, there was no abuse of discretion in denying the motion to appoint counsel. Furthermore, we find no error in the refusal to investigate alleged malpractice on the part of government counsel.

The judgment of the district court is AFFIRMED for substantially the reasons stated in the Recommendation of United States Magistrate Judge filed February 11, 2000.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge