**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SERIA ACOSTA,

        Plaintiff - Appellant,

v.

JAMES SAFFLE, Director,
Department of Corrections; BOBBY
BOONE, Warden of M.A.C.C.,

        Defendants - Appellees,

    and

RONALD ANDERSON, Attorney,
D.O.C.,

        Defendant.

No. 02-7049
D.C. No. 01-CV-5-P
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Seria Acosta, an Oklahoma state prisoner proceeding pro se, appeals the summary judgment entered in favor of defendants on his allegations that he received unconstitutional treatment while incarcerated at the Mack Alford Correctional Center in Oklahoma. Mr. Acosta's claims were brought under 42 U.S.C. § 1983. Our jurisdiction arises from 28 U.S.C. § 1291, and we affirm.

<u>Plaintiff's Claims</u>

Plaintiff's complaint alleged that (1) he was denied appropriate medical and psychiatric care; (2) defendants conspired to deny him earned credits and level raises, and to fabricate misconduct reports, which resulted in his being denied parole; (3) the prison illegally double-bunked him; (4) defendants engaged in racketeering; (5) he was denied educational programs and communication with his family; (6) he was denied access to the courts because his documents were seized, he was denied photocopies, the prison law library was inadequate, a Spanish-speaking legal assistant was not provided, and defendants refused to provide photocopies and to mail his legal documents; (7) defendants violated the Americans with Disabilities Act by using his psychiatric condition to deny him

-2-

rights and privileges; and (8) defendants violated the Religious Freedom Restoration Act by refusing to allow religious groups to help prisoners with legal matters. Mr. Acosta pursues all of those claims on appeal. In addition, he maintains that the trial court erred in denying him appointed counsel and a hearing. He raises a claim of equal protection for the first time on appeal and he requests that this court appoint an attorney to represent him.

## Analysis

Mr. Acosta asserts that he is unable to prepare proper appellate briefs because he cannot speak, read or write English and cannot read or write Spanish. His appellate briefs rely on the pleadings filed in the district court to convince this court that summary judgment should not have been entered against him. We will construe his pleadings liberally because he is representing himself on appeal. Haines v. Kerner, 404 U.S. 519, 520 (1972). Generally, the appellant bears the responsibility of tying the relevant facts, supported by specific citations to the record, to his legal contentions. United States v. Rodriguez-Aguirre, 108 F.3d 1228, 1238 n.8 (10th Cir. 1997). An appellant's pro se status does not excuse him from the obligation of all litigants to comply with the fundamental requirements of the court rules. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Nevertheless, under these circumstances, we will relax those rules and consider Mr. Acosta's appeal based on the district court record.

-3-

Although we will address the claims Mr. Acosta raised in the district court, we do not consider his equal protection argument because he did not present it to the district court. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

Turning to the remaining claims, we review de novo the district court's summary judgment order. Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997). In doing so, we view the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

We have carefully reviewed the record, including Mr. Acosta's pleadings, the district court's orders, the Martinez report, and Mr. Acosta's objections to the Martinez report. We have also considered the appellate briefs submitted by the parties. Applying the standards set out above, we affirm the order granting summary judgment to defendants for substantially the same reasons stated in the district court's March 28, 2002 order.

We also affirm the district court's decisions to deny appointment of counsel and a hearing. We review the order denying appointed counsel for an abuse of discretion. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). Where, as

-4-

here, the district court thoughtfully considered the circumstances of the litigant and the nature of the case, we find no abuse of discretion.    See id.  On this record, we conclude that the district court also did not abuse its discretion by ruling on summary judgment without a hearing.    See Davoll v. Webb , 194 F.3d 1116, 1139-40 (10th Cir. 1999) (district court's refusal to hold hearing reviewed for abuse of discretion).

Mr. Acosta's request for appointment of counsel on appeal is denied.  The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge