F I L E D
United States Court of Appeals
Tenth Circuit

FEB 13 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE BIELECKI,

      Plaintiff - Appellant,

v.

DR. NEWFELD, CAPTAIN LINUM, MAJOR SCHUH, ASSOCIATE WARDEN CATHY SLACK; LT. BEARD; SGT. D.M. BOYD; SGT. MORRIS; SGT. MCCALL; MR. PITTMAN; and P.A. LOUISBERG, in their individual and official capacities,

      Defendants - Appellees.

No. 02-1448
D.C. No. 01-D-994 (CBS)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request to decide this case on the briefs without

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Lawrence Bielecki, a pro se prisoner incarcerated at the Colorado State Penitentiary (CSP), a maximum security facility, brings this action pursuant to 42 U.S.C. § 1983 against various Colorado prison officials. Mr. Bielecki was transferred to CSP after various disciplinary incidents involving attacks on other inmates. He claims that, in connection with his transfer to CSP on March 16, 2001, he suffered various constitutional and state law deprivations. Mr. Bielecki asserts that he is afflicted with a variety of ailments and medical conditions, including various spinal conditions, neck injuries, heart conditions, hypertension, partial deafness, and legal blindness in one eye. When Mr. Bielecki arrived at CSP, prison officials confiscated various medical devices from him.

In his pro se complaint, Mr. Bielecki asserted three federal constitutional violations and two state law claims: (1) cruel and unusual punishment in violation of the Eighth Amendment; (2) denial of due process in violation of the Fifth Amendment; (3) denial of equal protection in violation of the Fourteenth Amendment; (4) assault and battery under state law; and (5) negligence under state law. The district court, after assessing Mr. Bielecki's objections to the magistrate judge's report and recommendation, adopted the findings of the

magistrate judge and granted summary judgment to the respondents on the federal claims, and dismissed the state law claims without prejudice.

On appeal, Mr. Bielecki contends that (1) summary judgment was improperly granted; (2) the district court erred when it denied discovery; (3) the district court erred when it did not appoint Mr. Bielecki counsel; and (4) the district court erred by failing to address Mr. Bielecki's allegations of perjury. We exercise jurisdiction under 28 U.S.C. § 1291, and, for the reasons stated below, we affirm the judgment of the district court.

# I. BACKGROUND

The pertinent facts are undisputed and may be summarized with brevity. CSP is a maximum-security prison. When Mr. Bielecki arrived at CSP, the following medical devices were confiscated: a half-cast, an Ace bandage, a black eye patch, a soft-shell neck brace, a wedge pillow, and a button-up shirt. These devices were determined to be impermissible because of the security concerns at CSP. After a medical examination, if the devices are determined to be medically necessary, certain devices might be returned to the inmate.

Upon arrival at CSP, under the prison's unwritten procedures, a nurse conducts a reassessment of the medical needs of each arrival. The nurse completes the DOC Ambulatory Health Record transfer form which is then

reviewed by a physician's assistant, who conducts a further chart review to determine medical necessities.

During the initial assessment with the nurse, Mr. Bielecki refused to sign the ambulatory record transfer form, and was deemed "uncooperative." Rec. doc. 29, Ex. F, at 9 (Exhibit to Respondent's motion for summary judgment titled "Colorado Department of Corrections Clinical Services Intrasystem Transfer Health Screening Form, dated March 16, 2001). Mr. Bielecki concedes that he has consistently refused to allow CSP medical staff to interview or examine him. He has continuously demanded to see medical specialists for treatment, but he will not allow CSP's initial prerequisite examination. The CSP medical staff, after reviewing Mr. Bielecki's charts alone, determined that Mr. Bielecki's medical devices were comfort items and were not medically necessary.

## II. DISCUSSION

### A. Summary judgment

We review the grant of a motion for summary judgment de novo, applying the same standards applied in the district court, accepting as true all well-pleaded facts. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Mr. Bielecki contends that the confiscation of his belongings was an act demonstrating defendants' deliberate indifference to his pain and suffering, in violation of his Eighth Amendment rights. He maintains that he received no due process in the confiscation of his belongings.

We agree with the magistrate judge that his "federal claims amount to no more that his disagreement with CSP medical staff about his medical needs." Rec. doc. 59, at 7 (Mag. Judge's recommendation, filed June 26, 2002). Corrections officials retain broad discretion in administering jails and prisons. *See Smith v. Iron County*, 692 F.2d 685, 688 (10th Cir. 1982) (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 n.23 (1979) (noting that the basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of prisoners, lies "'within the province and professional expertise of corrections officials' to whose judgment courts should defer")). We are of course "fully cognizant that one does not lose all his constitutional rights when he enters a prison," *Bethea v. Crouse*, 417 F.2d 504, 506 (10th Cir. 1969)), and when an inmate states a bona fide claim based upon the deprivation of a right, privilege or immunity guaranteed by the constitution, we will not defer to prison officials.

 Mr. Bielecki does not point to any legal or factual matters that would preclude summary judgment. Rather he simply sees no reason why his previous

orders from other physicians are not controlling, and he has not agreed to a medical evaluation from CSP personnel. There is no indication that the respondents acted with deliberate indifference when it confiscated Mr. Bielecki's medical devices. *Cf. Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (outlining stringent two-pronged test for Eighth Amendment violation by prison officials). We therefore hold that the district court appropriately granted summary judgment on Mr. Bielecki's claims. Similarly, the district court's decision not to exercise jurisdiction and review Mr. Bielecki's state law claims was proper.

B. Discovery

We note that "discovery rulings are within the broad discretion of the trial court." *Cole v. Ruidoso Mun. Schools,* 43 F.3d 1373, 1386 (10th Cir. 1994). Mr. Bielecki contends that he should have been allowed to take depositions or conduct further discovery. The district court concluded that Mr. Bielecki failed to comply with Fed. R. Civ. P. 56(f) because he did not inform the court how additional discovery would have aided him.[1] "[A]n appellant's *pro se* status does not excuse

---

[1] Rule 56(f) states:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(continued...)

the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).

The magistrate judge ordered the respondents to "make available" Mr. Bielecki's medical file to him. Rec. doc. 39 (Minute Order, filed Nov. 29, 2001). Mr. Bielecki was given 45 days to review his medical file and to supplement his response to the summary judgment motion. *See id.* Mr. Bielecki received his requested extension to file his response motion. Although he filed several exhibits, he did not file a response motion.

Mr. Bielecki admits he has not submitted to a medical examination, and he has not indicated how further discovery would help his case proceed. Under these circumstances, we conclude that the district court did not abuse its discretion by refusing to allow further discovery.

## C. Appointment of counsel

Mr. Bielecki argues the district court erred in denying his motion to appoint counsel. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995). In considering whether to appoint counsel, the factors the district court should consider include "the merits of the litigant's claims, the nature of the factual

---

[1](...continued)
Fed. R. Civ. P. 56(f).

issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* at 979 (internal quotation marks omitted). After careful review of the record, we have found nothing to support a claim that the district court abused its discretion in denying Mr. Bielecki's motion to appoint counsel.

D. Perjury claims

In his objections to the magistrate judge's recommendations, Mr. Bielecki insists that CSP officials did not follow its purported policy of conducting an examination of Mr. Bielecki's medical chart and of Mr. Bielecki himself. Mr. Bielecki contends that his chart did not arrive until at least March 21, six days after his medical devices were taken. Although the assessment form completed upon Mr. Bielecki's arrival is ambiguous and somewhat confusing, *see* Rec. doc. 29, Ex. F at 9 (Exhibit to Respondent's motion for summary judgment titled "Colorado Department of Corrections Clinical Services Intrasystem Transfer Health Screening Form, dated March 16, 2001), the outcome remains unchanged. The defendants do not appear to contest Mr. Bielecki's allegation that his chart was not reviewed on March 16, 2001.

The district court noted Mr. Bielecki's objections, and noted that the CSP medical officers attempted to examine Mr. Bielecki more than once. The district court also noted that CSP complied with its apparent procedures. Whether or not

the file was reviewed on March 16, 2001, it was undisputedly reviewed by a medical officer on March 26, 2001. The subsequent review of Mr. Bielecki's medical history led to the medical officer's determination that the confiscation of Mr. Bielecki's medical devices was justified. We agree with the district court that Mr. Bielecki's challenge is unfounded.

## III. CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment to respondents, we AFFIRM its dismissal of the state law claims without prejudice, and we AFFIRM the district court's refusal to appoint counsel. In addition, we note that Mr. Bielecki has applied to proceed without prepayment of the appellate filing fee. This motion is DENIED, and Mr. Bielecki is ordered to make immediate payment of the unpaid balance due.

Entered for the Court,

Robert H. Henry
Circuit Judge