Gregory Lee RUCKS, Plaintiff–Appellant,

v.

Gary BOERGERMANN,
Defendant–Appellee.

No. 94–5186.

United States Court of Appeals,
Tenth Circuit.

June 14, 1995.

Gregory Lee Rucks, Hominy, OK, pro se.

David L. Pauling, City Atty., and Paul F. Prather, Asst. City Atty., Tulsa, OK, for defendant-appellee.

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.

McKAY, Circuit Judge.

The Plaintiff, Mr. Rucks, alleges that the Defendant, Mr. Boergermann, a Tulsa Police Officer, violated his Fourth Amendment rights during an investigation and subsequent arrest on April 21, 1991. Mr. Rucks brought a pro se civil rights action against Officer Boergermann pursuant to 42 U.S.C. § 1983, in the Northern District of Oklahoma.[1] Mr. Rucks was granted in forma pauperis status and twice sought appointment of counsel under 28 U.S.C. § 1915(d). Both motions were denied and eventually the case went to a jury-trial, where a verdict was returned in favor of the Defendant. This appeal followed.

On appeal, Mr. Rucks presents two issues. First, he claims that the magistrate judge erred in denying his motions for appointment of counsel. He also appears to attempt to challenge the outcome of the trial itself, claiming that the "District Court's Ruling Was Clearly Erroneous."

The appellee generously interprets this second claim as a challenge to the

---

1. The gist of Mr. Rucks's complaint was that he was arrested without probable cause, in violation of his civil rights.

judge's instructions to the jury on probable cause, which at least would be a properly appealable issue, albeit not one upon which the appellant would prevail. However, what Mr. Rucks really seems to be trying to say is that, as a matter of law, his civil rights were violated in that he was arrested without probable cause. Unfortunately, this is simply not an appealable issue because he failed to move for a judgment as a matter of law under Fed.R.Civ.P. 50(a).

We review the denial of appointment of counsel in a civil case for an abuse of discretion. *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir.1994). In order that we may properly review such a decision, we have, in recent cases, stressed the necessity for the district court "to give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.1985). Adopting the reasoning of the Seventh Circuit opinion of *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981), we stated, "[i]f the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." 753 F.2d at 838. We recently reiterated the factors to be considered in deciding whether to appoint counsel, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991). *See also, Tabron v. Grace*, 6 F.3d 147 (3rd Cir.1993) (discussing factors to be considered).

Mr. Rucks, in his two briefs in support of his motions, clearly attempted to address these issues, but it is unclear whether the judge in this case considered these factors. In fact, no reasons were offered why the motion was being denied other than a general statement that "appointment of counsel in this case is not warranted." Indeed, it seems that the judge may have been unaware of these recent, relevant cases, for in twice denying Mr. Rucks's motion, the magistrate judge cited three less relevant cases, the most recent of which was published in 1973.

The Appellee suggests that the fact that the motion was denied twice supports the proposition that the court gave full consideration to Mr. Rucks's motions. However, a review of the judge's orders reveals that both are absolutely identical in wording. If anything, this suggests that the court gave short shrift at least to the second of Mr. Rucks's motion, and quite possibly to both motions.

Short shrift, however, does not automatically equate to an abuse of discretion. Where the trial court has failed to provide reasons for denying a request for counsel under § 1915(d), we may independently examine the propriety of such a request. *See, Barnhill v. Doiron*, 958 F.2d 200 (7th Cir. 1992). Our review of the record reveals that Mr. Rucks has a firm grasp of the fundamental issues in his case and appears to be capable of presenting his case intelligently and coherently. Furthermore, the issues in this case were not particularly complex. Our review also reveals that, even with appointed counsel, Mr. Rucks had little likelihood of prevailing on the merits. Mr. Rucks has also failed to demonstrate the existence of any special circumstances such as those in *McCarthy v. Weinberg*, where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication. 753 F.2d at 837. While we do not quarrel with Mr. Rucks's assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.

Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.