UNITED STATES COURT OF APPEALS

_____

LOIS J. GARDNER,                        )
                                        )
        Plaintiff-Appellant,            )
                                        )
    v.                                  )           No. 95-3312
                                        )       (D.C. No. 95-CV-4048)
                                        )           (D. Kan.)
CENTRAL INTELLIGENCE AGENCY,            )
                                        )
        Defendants-Appellees.           )

_____

ORDER AND JUDGMENT*

_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 for alleged damages incurred as a result of continued surveillance by the Central Intelligence Agency.

Plaintiff moved for appointment of counsel, which was denied by the magistrate judge. We review the denial of appointment of counsel in this civil case for abuse of discretion. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In deciding

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

whether to appoint counsel, the court should consider the merits of the claim, the nature of the factual issues raised, the litigant's ability to present the claim, and the complexity of the legal issues presented. Id. The magistrate judge found plaintiff was capable of presenting her own case intelligently and coherently, that her claims were not particularly complex, and that she failed to demonstrate the existence of any special circumstances. The court did not abuse its discretion in denying plaintiff's request for appointment of counsel.

Defendant filed a motion to dismiss the action, which was granted by the district court. The court determined that plaintiff filed an administrative claim in May 1994 and did not file suit until March 1995. Plaintiff alleges she has been under surveillance by the CIA since 1984. The court found that plaintiff's complaint failed to state a claim upon which relief could be granted, and that it was barred by the two-year statute of limitations applicable to § 1983 actions.

To the extent that plaintiff's claim is subject to the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, plaintiff asserts she first filed an administrative claim in 1985. However, that claim was denied by the administrative agency and plaintiff failed to file a timely action with the district court following the denial of her administrative claim. Plaintiff argues on appeal that the district court erred by relying on the CIA's belated denial of her claims as a date for commencing the two-year period for filing a tort claims action. It is not apparent from the court's rulings that this was done. Plaintiff could have filed a tort claims action after six months had elapsed from the filing of her administrative claim in the absence of any disposition of her claim by the administrative agency. 28 U.S.C. § 2675(a) provides in pertinent part: "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the

2

option of the claimant any time thereafter, be deemed a final denial of the claim" for purposes satisfying the statutory exhaustion of administrative remedies requirement.

We have reviewed plaintiff's brief, the pleadings, and the district court's order, and have carefully examined the entire record on appeal. Based upon our review of the record, we find no reversible error and affirm the dismissal of the action for substantially the same reasons set forth in the district court's order.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Per Curiam