**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES R. MORALES,

     Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE,

     Defendant-Appellee.

No. 98-3200
(D.C. No. 97-4200-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Charles Morales, appearing pro se, appeals the district court's denial of appointment of counsel in his employment discrimination action. We exercise

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Morales filed an action against the United States Postal Service and the Postmaster General on August 15, 1997, claiming he had been discharged on August 16, 1994, in violation of Title VII and the Rehabilitation Act of 1973. He was granted leave to proceed in forma pauperis and asked for appointment of counsel. The magistrate judge denied his request on November 17, 1997, and Morales continued to pursue the case pro se. He filed a motion for summary judgment and oppositions to defendants' dispositive motions, and he appeared at a pretrial conference. The district court dismissed part of Morales' claims, but allowed two claims to proceed to trial. Morales represented himself at a jury trial. One claim under the Rehabilitation Act was dismissed at the conclusion of Morales' case-in-chief. The jury found in favor of defendants on the remaining Title VII retaliation claim.

Morales contends on appeal the district court erred in denying his application for appointment of counsel. We review a denial of appointment of counsel in a civil case for abuse of discretion. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). The district court should consider the merits of the litigation, the factual issues raised, the litigant's ability to present his claims, and the complexity of the legal issues involved. Id. When the plaintiff is indigent, the district court has discretion to appoint counsel when, under the totality of

circumstances, the denial of counsel would result in a fundamentally unfair proceeding.  See McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985).

The record does not contain Morales' application for appointment of counsel, the magistrate's order denying the application, or a copy of the trial transcript.  In the absence of the magistrate's order, we will not assume the magistrate failed to consider the required factors in exercising its discretion.  In any event, based on our review of the limited record, we are not convinced the denial of counsel resulted in a fundamentally unfair proceedings.  In particular, the pleadings filed by Morales indicate he had a "firm grasp of the fundamental issues in his case," Rucks, 57 F.3d at 979, and was able to present those issues to the district court in a coherent fashion.  Similarly, the orders demonstrate the court understood and gave fair consideration to Morales' claims.  There is no indication of any special circumstances on the part of Morales (e.g., speech impediment, limited mobility, difficulty in communicating, etc.) that would have warranted appointment of counsel.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-3-