**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 16 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

ROYCE EARL OLSON, JR.,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

      Respondent-Appellee.

No. 98-5095
(D.C. No. CV-96-637-B(J))
(N.D. Okla.)

**ORDER AND JUDGMENT***

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Proceeding pro se, Royce Earl Olson, Jr., applies for a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. In addition, Olson moves for 1) reconsideration of our previous denial of his motion for court-appointed counsel

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

on appeal; 2) an appeal conference "to settle this case" pursuant to 10th Cir. R. 33; 3) "summary judgment, on his pending motion for appeal conference"; 4) amendments to the record on appeal; and 5) accelerated proceedings before this court. We grant Olson's motion for accelerated proceedings, deny his other motions, and deny his application for a COA.

First we address Olson's motions. We grant his motion for accelerated proceedings and consider his other motions and application for a COA at this time. We deny Olson's motion for reconsideration of our previous denial of his request for court-appointed counsel on appeal. Considering "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims," Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995), we find that Olson has presented no compelling reason for his request. Cf. Johnson v. Avery, 393 U.S. 483, 488 (1969) (noting that there is no obligation on federal courts to appoint counsel "to prisoners who indicate, without more, that they wish to seek post-conviction relief"). We deny Olson's motion for an appeal conference "to settle this case" pursuant to 10th Circuit R. 33. We deny Olson's motion for summary judgment on his motion for an appeal conference. Finally, we deny Olson's motion for amending the record on appeal, because the evidence Olson proffers was not submitted below to the district court. See Fed. R. App. P. 10

("The record on appeal consists of the <u>original papers and exhibits filed in the district court</u>, the transcripts of the proceedings, and a certified copy of the docket entries . . .") (emphasis added); <u>see also</u> <u>Boone v. Carlsbad Bancorporation, Inc.</u>, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992).

With regard to Olson's application for a COA, we note that Olson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In his application, Olson raises three claims: prosecutorial misconduct during the sentencing phase of his trial, double jeopardy, and being sentenced for a crime different from that of conviction. In his brief, he raises two additional claims: inadequate state appellate counsel, and error in the district court's denial of his request for appointed counsel.

We find that Olson has failed to make a substantial showing of the denial of a constitutional right. First, we will not address Olson's claims that he was subjected to double jeopardy, that he was sentenced for a crime different from that of conviction, and that his state appellate counsel was inadequate, as Olson failed to raise these claims below. <u>See</u> <u>Walker v. Mather (In re Walker)</u>, 959 F.2d 894, 896 (10th Cir. 1992).[1] Second, we do not find the district court's denial of court-appointed counsel to be an abuse of discretion, <u>see</u> <u>Rucks</u>, 57 F.3d at 979,

---

[1]Moreover, Olson's claim that he was sentenced for a crime different from that of conviction apparently depends on the evidence he presents in his motion for new evidence, which we deny.

much less a violation of constitutional magnitude.  Third, just as the magistrate and district court below did, we find no merit to Olson's argument that prosecutorial misconduct infected Olson's state sentencing.

Accordingly, we DENY Olson's application for a certificate of appealability.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge