**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN DALE DUBUC,

    Plaintiff-Appellant,

v.

SATAYABAMA JOHNSON, sued as:
Dr. Johnson of the Tulsa County Jail;
NURSE ROSE; NURSE LINDA;
DOYLE EDGE, Sgt.; EARL
McCLAFLIN, sued as: Corporal
McLoughlon; DIANA JANE COOK,
sued as: Corporal Cook; ZACHARY J.
VIERHELLER, sued as: Detention
Officer Zack Veirhiller; OFFICER
WARREN, detention officer;
OFFICER SHAWN, detention officer;
WENCESLAO AGUILA, sued as:
detention officer Aguila; OFFICER
MARTAIN, detention officer;
STANLEY GLANZ, Sheriff Tulsa
County; RON ISAAC, also known as
Ron Isman,

    Defendants-Appellees.

No. 99-5107

(D.C. No. 96-CV-430-BU)
(N.D.Okla.)

---

**ORDER AND JUDGMENT**  *

---

    *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Brian Dubuc appeals the district court's grant of summary judgment to defendants in his 42 U.S.C. § 1983 action and seeks to proceed on appeal in forma pauperis. We grant leave to proceed in forma pauperis, affirm in part, reverse in part, and remand.

Dubuc was held as a pretrial detainee in the Tulsa, Oklahoma, County Jail. His § 1983 action alleged unconstitutional conditions of confinement, inadequate health care, excessive use of force by officers, physical attacks by prisoners, and disciplinary segregation without a due process hearing.

I.

Dubuc first contends the district court erred in denying him leave to amend his complaint. Dubuc sought to add allegations of conduct that occurred after the complaint was filed and to name additional defendants. The district court noted that Dubuc's motion to amend came almost seven months after defendants' motions for summary judgment. We cannot say the district court's denial constituted an abuse of discretion. See Viernow v. Euripides Dev. Corp., 157

2

F.3d 785, 799 (10th Cir. 1998).

## II.

Dubuc next contends the district court erred in dismissing part of his complaint. The court properly dismissed his Eighth Amendment claims because he was a pretrial detainee. See Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment.").

The district court also dismissed Dubuc's case against medical defendants Isaac, Johnson, Rodriguez, and Russell because Dubuc's allegations against them did not rise to the level of deliberate indifference. To state a claim, Dubuc must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). After reviewing the record, we conclude Dubuc failed to state a claim against the medical defendants. See Realmonte v. Reeves, 169 F.3d 1280, 1283 (10th Cir. 1999) ("In reviewing a motion to dismiss, we accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party.").

## III.

Dubuc argues the district court erred in refusing to appoint counsel for him. The court denied his request for counsel after "reviewing the merits of

[Dubuc's] case, the present procedural posture of the case, the nature of the factual issues involved, [Dubuc's] ability to investigate the crucial facts, the probable type of evidence, [Dubuc's] capability to present his case, and the complexity of the legal issues." Record Doc. 59 at 6. After reviewing the record, we find that the district court did not abuse its discretion in not appointing counsel for Dubuc. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

IV.

Dubuc also asserts the district court erred in denying his request for discovery. Federal Rule of Civil Procedure 56(f) allows a district court to order discovery when the affidavits of a party indicate that the party "cannot . . . present by affidavit facts essential to justify the party's opposition [to summary judgment]." After reviewing the record, we conclude the district court did not abuse its discretion in denying Dubuc's request for discovery. Building and Const. Dept. v. Rockwell Intern. Corp., 7 F.3d 1487, 1496 (10th Cir. 1993).

V.

The district court granted summary judgment to defendants on Dubuc's remaining claims. We review the district court's grant of summary judgment de novo, viewing the evidence and all reasonable inferences derived therefrom in the light most favorable to the nonmoving party. See Kidd v. Taos Ski Valley,

4

Inc., 88 F.3d 848, 851 (10th Cir. 1996).

Dubuc contends the district court erred in deciding the credibility of witnesses in granting summary judgment. The court noted "it is not possible to know precisely what happened without adjudging the credibility of the two differing versions" of the story, but used the absence of evidence of physical harm to conclude there was no evidence of excessive force. Record Doc. 53 at 17. It is inappropriate for a court to weigh credibility on a motion for summary judgment. This court has found that physical injury is not required to prove the use of excessive force. Martin v. Board of County Comm'rs, 909 F.2d 402, 406-07 (10th Cir. 1990). Therefore, the district court erred in using lack of physical injury as a basis to grant summary judgment on Dubuc's excessive force claims. The district court refused to consider Dubuc's newly discovered evidence of a witness to the incident because it did not affect the court's conclusion that Dubuc failed to prove he had suffered any physical injury. As we have concluded the court's reliance upon the absence of evidence of physical harm was erroneous, the court also erred when it relied upon the same rationale in rejecting Dubuc's newly discovered evidence. The court should reconsider that ruling upon remand.

The district court granted summary judgment to defendants on Dubuc's condition of confinement claims, finding Dubuc did not establish the existence of

5

a condition that would amount to punishment or otherwise constitute an unconstitutional condition of confinement. The court granted summary judgment on Dubuc's claim of lack of personal safety, finding no evidence that defendants disregarded any known risk to Dubuc. After reviewing the entire record before us, including the district court's detailed order filed October 9, 1997, we conclude that Dubuc failed to establish these claims.

In regard to his procedural due process claims, Dubuc argues that the issue of whether defendants had qualified immunity was a question for the jury. The district court found defendants were protected by qualified immunity because Dubuc did not show they had violated "clearly established . . . constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Dubuc does not attack the substance of the district court's finding that whether a pretrial detainee was entitled to procedural due process for disciplinary confinement was not clearly established. Whether the law was clearly established is a legal question, not appropriate for jury review. The district court did not err in granting summary judgment on Dubuc's procedural due process claims.

## VI.

The district court denied Dubuc's motion for leave to proceed on appeal in forma pauperis under 28 U.S.C. § 1915(g), finding Dubuc had brought three prior

civil actions that were dismissed as frivolous or malicious or for failure to state a claim. However, the court erred in counting Dubuc's appeal in Dubuc v. City of Tulsa, No. 97-CV-650-B (N.D. Okla. 1998), because that appeal was pending when Dubuc filed his notice of appeal in this case, see Dubuc v. City of Tulsa, 1999 WL 668823 (10th Cir. 1999). See Jennings v. Natrona County Detention Center Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) (finding that unexhausted proceedings are not counted for purposes of § 1915(g)). The district court erred in denying Dubuc leave to proceed on appeal in forma pauperis under § 1915(g).

Dubuc's motion to proceed on appeal in forma pauperis is GRANTED. Defendants' motion to dismiss the appeal is DENIED. The decision of the district court is AFFIRMED IN PART and REVERSED AND PART, and this matter is REMANDED for further proceedings on Dubuc's excessive force claim.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7