**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCOS LUCERO,

      Plaintiff - Appellant,

v.

TIM LEMASTER, Warden,
Penitentiary of New Mexico; TOM
HAMMERTREE, Case Manager,
Penitentiary of New Mexico; JAMES
LOPEZ, Unit Manager, Penitentiary
of New Mexico; and NEW MEXICO
DEPARTMENT OF CORRECTIONS,

      Defendants - Appellees.

No. 02-2179
(D.C. No. CIV-02-430 BB/LFG)
(D. New Mexico)

**ORDER AND JUDGMENT**

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments;

nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Marcos Lucero, a New Mexico state inmate appearing *pro se*, brought this 42 U.S.C. § 1983 civil rights action against prison officials Tim LeMaster, Tom Hammertree, and James Lopez, and against the New Mexico Department of Corrections. The district court considered Plaintiff's complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), and dismissed all claims. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff's complaint alleges that the prison officials denied his requests for furloughs to visit his gravely ill mother before she died and to attend her funeral. He claims that these denials violated (1) his Eighth Amendment right to be free from cruel and unusual punishment, (2) his right to equal protection under the Fourteenth Amendment, and (3) his right to due process under the Fourteenth Amendment. As explained in the district court's Memorandum Opinion and Order, however, the allegations in his complaint do not support these claims. Although a *pro se* litigant's pleadings are to be construed liberally, *Whitney v. New Mexico,* 113 F.3d 1170, 1172 (10th Cir.1997), this court "will not supply additional factual allegations . . . or construct a legal theory on [the litigant's] behalf." *Id.* at 1173-74.

Plaintiff also asserts that the district court (1) abused its discretion by refusing to appoint him counsel and (2) improperly denied him an evidentiary hearing. The magistrate rejected Plaintiff's request for appointment of counsel, concluding that Plaintiff was able to represent himself in an intelligent and capable manner. *See Lucero v. LeMaster*, Civ. No. 02-430 (magistrate's order, May 14, 2002) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). Plaintiff has provided nothing here to indicate otherwise.

Plaintiff's claim that he was improperly denied an evidentiary hearing is similarly without merit. By its very nature, Fed. R. Civ. P. 12(b)(6) contemplates a dismissal on the pleadings. *See also* 28 U.S.C. § 1915(e)(2) (in considering a prisoner's *in forma pauperis* action, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief can be granted"). Thus, if a plaintiff fails to allege sufficient facts to state a claim upon which relief can be granted, he has no right to present his claims at an evidentiary hearing.

We have carefully reviewed Plaintiff's brief, the district court's order, the magistrate's order, and the record on appeal. For the reasons stated above, and for substantially the same reasons set forth in the district court's June 11, 2002, order, and the magistrate's May 14, 2002, order, we **AFFIRM** the judgment of the district court. Plaintiff's motion for leave to proceed without prepayment of fees is granted. Plaintiff is reminded that he is obligated to continue making payments on this appeal until the filing fee is paid in full.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge