**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT E. MARKS,

Plaintiff-Appellant,

v.

STATE OF KANSAS; CHARLES E.
SIMMONS, Secretary of Corrections;
EMMALEE CONOVER, Warden,
JULIE UTT, Deputy Warden;
GEORGIA PURSLEY, Unit Team
Manager, and MARY SLOCUMBE,
PHS Nurse,

Defendants-Appellees.

No. 03-3111

(D.C. No. 02-CV-3077-GTV)

(D. Kansas)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Plaintiff Robert E. Marks, a former state prisoner appearing pro se, brought

this 42 U.S.C. § 1983 action against the State of Kansas and various state

---

*After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments; nevertheless, an
order and judgment may be cited under the terms and conditions of 10th Cir. R.
36.3.

officials and employees, asserting claims based on events that occurred in connection with his transfer from one prison facility to another. The district court found that Plaintiff's claims did not implicate constitutionally protected interests and thus were not cognizable under 42 U.S.C. § 1983. Accordingly, it dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. It also rejected Plaintiff's request for appointment of counsel because Plaintiff "presented no claim of constitutional dimension." *Marks v. Kansas*, No. 02-3077-GTV, slip. op. at 2 (D. Kan. Mar. 17, 2003).

Despite Plaintiff's general statement that the district court incorrectly decided "[a]ll the facts contained in the complaint," Aplt. Br. at 4, and his general request that this court "review all the facts contained in [his] complaint," *id.*, Plaintiff challenges on appeal only two of the district court's rulings—its dismissal of his Eighth Amendment claim, and its denial of his request for appointment of counsel. We therefore discuss only those rulings.

Plaintiff's complaint alleges that shortly after having been transferred on August 22, 2001, he "submitted [a] medical request form to see the [prison's] doctor, to inquire about his work status." R., Doc. 1 at 3. For approximately one month thereafter, Plaintiff alleges, he was not assigned work and was "not . . . seen by the doctor or any medical staff as to whether or not he was able to return to work status." R., Doc. 1 at 3. On the morning of September 19, 2001,

however, a prison official awakened Plaintiff and ordered him to go to the prison's gym. When he asked why, he was told that he might be needed to "set-up some tables." R., Doc. 1 at 4. Plaintiff responded that he had not been assigned that job, and in any event, he should not perform such work on account of his medical condition. The prison officer then left Plaintiff's cell.

When the officer returned, he explained that Plaintiff did not have a "lay-in" issued by prison medical officials and thus would not be excused from his work assignments. Plaintiff twice asked to speak with a prison nurse but was denied. Instead, he was directed to complete a medical request form. Plaintiff submitted the form and was allowed to consult with medical officials two days later.

In its analysis of Plaintiff's complaints, the district court acknowledged that a prison's failure to provide one of its inmates with medical care can amount to an Eighth Amendment violation if it results from "deliberate indifference to a prisoner's serious medical needs." *Marks*, No. 02-3077-GTV at 4 (internal quotation marks omitted). It concluded, however, that Plaintiff had failed to "identif[y] . . . such circumstances." *Id*.

On appeal Plaintiff contends that the district court erroneously based its Eighth Amendment ruling on the effects of his not receiving medical treatment (i.e. his job assignment) rather than the failure to treat itself. He asserts that the

failure to treat is in fact the basis of his Eighth Amendment claim.  To support that theory he references specifically his requests for "medical status reviews," and Defendants' failure to provide him with "medical attention for his serious illness for 30 days."  Aplt. Br. at 3-e.  (The "medical attention" that Plaintiff refers to appears to be the work-restriction consultation that he initially referred to in his complaint.)  He states that when he did "receive[] medical attention, it was impersonal[,] he never actually saw a health care professional, [and] his treatment was simply to give him the work restrictions he [previously] had."  *Id*.  He also states that prison officials were deliberately indifferent to his medical needs when they responded to his refusal to report for work with discipline rather than concern.  He contends that these allegations were enough to state an Eighth Amendment claim and to require appointment of counsel.

"We review de novo the district court's decision to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."  *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).  In conducting such review, we must keep in mind that a pro se litigant's complaint is construed liberally, *see id.*, and will be dismissed "for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend," *id.*  The denial of a litigant's request for appointment of counsel in a civil case, however, is reviewed for an abuse of

-4-

discretion. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

"A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs—if he knows of and disregards an excessive risk to inmate health or safety." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (internal quotation marks omitted). "[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Id.* at 950 (internal quotation marks omitted). Substantial harm is a "lifelong handicap, permanent loss, or considerable pain." *Id.*

Plaintiff's complaint fails to allege the nature of his medical need or that any delay in treatment caused him substantial harm. In light of these deficiencies, we think "it is obvious that . . . [P]laintiff cannot prevail on the facts he has alleged . . . ." *Gaines*, 292 F.3d at 1224. Because Plaintiff has not stated an Eighth Amendment claim or challenged the district court's rulings with respect to his other claims, we conclude that Plaintiff's complaint was properly dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). For the same reason, the district court did not abuse its discretion in refusing to appoint counsel. We note that Plaintiff did not seek to amend his complaint below and has not suggested on appeal that he could amend the complaint to state a proper cause of action.

We AFFIRM the district court's order of March 17, 2003.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge