**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

APRIL ROSE WILKENS,

Plaintiff - Appellant,

v.

RON WARD, Director; MILLICENT
NEWTON-EMBRY, Warden;
MICHAEL JACKSON, Medical
Director; DENNIS COTNER, Medical
Services Administrator; DEBORAH
GRAUMANN, Health Services
Administrator; E. KAHN, Doctor; G.
WATKINS, Doctor; A. McMASTER,
Doctor; and JANE DOE, Director,

Defendants - Appellees.

No. 07-6225

(W.D. Oklahoma)

(D.C. No. CV-05-00254-M)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff April Wilkens, proceeding *pro se*, appeals the district court's order adopting the magistrate judge's supplemental report and recommendation granting the defendants' second motion for summary judgment, entering judgment in favor of the defendants on all of Wilkens' federal claims, and dismissing her supplemental state law claims without prejudice.  We affirm.

Wilkens, while serving a life term of imprisonment for first-degree murder at the Mabel Bassett Correctional Center ("MBCC") and in the custody of the Oklahoma Department of Corrections ("DOC"), brought this 42 U.S.C. § 1983 action alleging that her Eighth Amendment rights were violated by the defendants, employees of the MBCC and/or the DOC.  In particular, Wilkens claimed that the defendants were deliberately indifferent to her serious dental needs, that the defendants revoked her authorization to receive special acne medications from an outside source, and that the defendants had failed to protect her from another inmate's assault.[1]  Wilkens also argues the district court erred in denying her motion to have counsel appointed for her.

The magistrate judge's long and thorough report and recommendation carefully explained why Wilkens' arguments had no merit and why the defendants

---

[1]The district court found that all issues had been exhausted.  The defendants make a brief reference in a footnote to the question of exhaustion of the assault claim; but the point is not developed.  Accordingly, we do not address it.

were entitled to summary judgment on her Eighth Amendment claims. For substantially the reasons set forth in the magistrate's report and recommendation, adopted by the district court, we affirm the district court's entry of summary judgment in favor of the defendants and the dismissal without prejudice of her supplemental state law claims. With respect to her claim that the district court erred in denying her motion to appoint counsel, we review that decision for abuse of discretion. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). We find no abuse in that decision.

For the foregoing reasons, we AFFIRM the district court's orders.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge