FILED
United States Court of Appeals
Tenth Circuit

January 4, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM C. PUMPHREY,

     Plaintiff - Appellant,

v.

JOHN WOOD, Medical Director Davis
County Jail,

     Defendant - Appellee.

No. 15-4075
(D.C. No. 1:12-CV-00115-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

William Pumphrey appeals following the district court's grant of summary

judgment in favor of Dr. John Wood. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

**I**

Pumphrey filed suit under 42 U.S.C. § 1983, alleging that Dr. Wood and

several other defendants provided inadequate medical care while Pumphrey was

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

detained at the Davis County Correctional Facility. Specifically, Pumphrey claims that he received insufficient treatment for chronic pain. During the course of the district court proceedings, Pumphrey repeatedly moved for appointment of counsel. All of his requests were denied. The district court also denied Pumphrey's motions for recusal and for a default judgment. It dismissed Pumphrey's claims against all defendants except Dr. Wood for failure to state a claim. After ordering and receiving a Martinez report, the district court granted Wood's motion for summary judgment. Pumphrey timely appealed.[1]

## II

Construing Pumphrey's pro se filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), he first argues that the district court erred in refusing to enter a default judgment against Dr. Wood. We review the denial of a motion for default judgment for abuse of discretion. See Bixler v. Foster, 596 F.3d 751, 761 (10th Cir. 2010). Wood explained that he had not responded to the complaint or to a show cause order because he was not properly served. The district court thus permissibly determined that Pumphrey was not entitled to a default judgment. See Fed. R. Civ. P. 12(a)(1)(A)(i) (setting deadline to file an answer from date of service).

---

[1] Pumphrey's notice of appeal was filed beyond the thirty-day deadline. See Fed. R. App. P. 4(a)(1)(A). However, on partial remand from this court, the district court granted an extension of time making Pumphrey's notice of appeal timely. Dr. Wood's motion to dismiss is accordingly **DENIED**.

Pumphrey also argues two procedural issues: the district court's denial of his motions for appointment of counsel and its denial of his motion for recusal. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In deciding a motion for appointment of counsel, courts should consider factors including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Id. (quotation omitted). The district court considered the appropriate factors and concluded they weighed against appointment of counsel in this case. We cannot say the district court abused its discretion.

We also review the denial of a motion for recusal for abuse of discretion. ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1217 (10th Cir. 2011). A district court judge should recuse if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). Pumphrey relies on adverse rulings from the district court to support his claim that the district court judge should have recused himself. But "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006). Pumphrey also notes that the district court judge presided over another of his cases. But rulings in a prior proceeding and familiarity with a litigant do not require recusal. See Cooley, 1 F.3d at 993-94.

3

**III**

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge