FILED
United States Court of Appeals
Tenth Circuit

January 9, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LOUIS PEOPLES, JR.,

      Plaintiff - Appellant,

v.

BAKER; NEWCOMB; SIMPSON;
LARSON,

      Defendants - Appellees.

No. 19-1111
(D.C. No. 1:17-CV-00776-MSK-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Louis Peoples, Jr., appeals following a grant of summary judgment in favor of

defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Peoples is an inmate at the Sterling Correctional Facility. On September 28,

2016, he was working as a porter assigned to the teacher's workroom in the programs

building. Correctional Officer Harley Baker observed Peoples leave his assigned

_____

   * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

area and walk to the law library at the other end of the building. Baker contacted Krista Newcombe, who verified Peoples' assignment. The two officers confronted Peoples, who became angry. Meanwhile, Sergeant Tracy Larson spoke with Jennifer Anderson, a non-security staff member, who stated that she asked Peoples to come to the library after another inmate requested his assistance. Larson explained to both Anderson and Peoples that Peoples was not permitted to enter the law library unless he was on the list of assigned inmates.

Officers handcuffed Peoples and brought him to the center of the programs building. Larson spoke with Captain Michael Tidwell, who ordered a strip search. They brought Peoples to a nearby staff bathroom. Newcombe, a female officer, faced away from Peoples during the search. Baker and a teacher in the area, Matthew Simpson, stood in the doorway of the bathroom. The search lasted three minutes and did not uncover any contraband.

Peoples advanced six claims against the officers involved in the search. The district court dismissed some of his claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) but referred his Fourth Amendment claim to a presiding judge. Defendants moved for summary judgment on the basis of qualified immunity, and the court granted summary judgment in favor of defendants. Peoples timely appealed.

## II

We review a district court's grant of summary judgment de novo. See Genberg v. Porter, 882 F.3d 1249, 1253 (10th Cir. 2018). A party is entitled to summary judgment only if the evidence shows that there is no genuine issue as to any

2

material fact and the moving party is entitled to judgment as a matter of law. See id. Because Peoples proceeds pro se, we construe his filings liberally but do not act as his advocate. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

To overcome a defense of qualified immunity, a plaintiff must show that defendants' conduct violated his constitutional rights and that the relevant law was clearly established. Gomes v. Wood, 451 F.3d 1122, 1134 (10th Cir. 2006). "For the law to be 'clearly established,' there ordinarily must be a Supreme Court or Tenth Circuit opinion on point." Pompeo v. Bd. of Regents of the Univ. of N.M., 852 F.3d 973, 981 (10th Cir. 2017). We must "define the clearly established right at issue on the basis of the specific context of the case." Id. (quotation omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the pre-existing law the unlawfulness must be apparent." Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 842 (10th Cir. 2005) (quotation omitted).

As we have previously held, prisoners have a well-established right not to be subject to a "strip search in full view of several (or perhaps many) others unless the procedure is reasonably related to a legitimate penological interest." Farmer v. Perrill, 288 F.3d 1254, 1260 (10th Cir. 2002) (emphasis omitted). In reviewing such searches, courts consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell v. Wolfish, 441 U.S. 520, 559 (1979). However, prison officials must "be accorded wide-ranging deference in the adoption and execution of policies

3

and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 547.

The record in this case demonstrates that defendants had legitimate penological concerns. Peoples was discovered in an area of the programs building to which he was not assigned. Officers averred that Peoples had been previously discovered out of his assigned area in that building, that inmates sometimes leave their assigned areas to transport contraband, and that libraries are areas of particular concern because computer equipment can be fashioned into weapons and books can be used to transmit messages between inmates. Although, as Captain Tidwell acknowledged, staff members should have communicated better with each other, we cannot say that the search was so clearly unconstitutional that a reasonable officer would have known of its unlawful character. See Mimics, Inc., 394 F.3d at 842.

We reach the same conclusion as to the manner in which the search was conducted. Officers moved Peoples to a nearby staff bathroom because conducting the search promptly was important and, of the readily available options, the bathroom offered the most privacy. Although Peoples complains that the bathroom was visible to a classroom across the hall, photographic evidence shows that any such view would have been severely obstructed (particularly with two officers standing in the doorway). Even assuming that the manner of the search was unlawful, the unlawfulness would not necessarily have been clear to a reasonable officer. See id. Further, Peoples' arguments regarding prison regulations do not alter our conclusion

4

because the violation of a regulation does not necessarily amount to a constitutional violation.  See Sandin v. Conner, 515 U.S. 472, 481-82 (1995).

Peoples also states that the district court improperly granted summary judgment as to his retaliation claim.  The district court rejected defendants' argument that Peoples' retaliation claim had been dismissed in its entirety under § 1915(e)(2)(B)(i) at the screening stage but ultimately granted defendants summary judgment on the retaliation claim.  Construing Peoples' appellate filings liberally, we understand him to argue that this was an improper sua sponte grant of summary judgment.  Although the sua sponte grant of summary judgment is disfavored, it is reversible error only if the losing party was not put on notice of the need to come forward with evidence and suffered prejudice.  Oldham v. O.K. Farms, Inc., 871 F.3d 1147, 1150 (10th Cir. 2017).  Peoples fails to satisfy this standard.  He devoted the bulk of his summary judgment briefing below to the retaliation issue and fails to identify any other evidence or argument he might have advanced.  See id.; A.M. v. Holmes, 830 F.3d 1123, 1137 (10th Cir. 2016).  And because Peoples does not advance a substantive argument as to the retaliation claim, it is waived.  See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007).[1]

Peoples also appeals the denial of his motions to appoint counsel.  "We review the denial of appointment of counsel in a civil case for an abuse of discretion."  Rucks v.

---

[1] To the extent Peoples challenges the constitutionality of summary judgment generally, his argument is foreclosed by circuit precedent.  See Shannon v. Graves, 257 F.3d 1164, 1167 (10th Cir. 2001).

<u>Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding a motion for appointment of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  <u>Id.</u> (quotation omitted).  Considering these factors, we cannot say the district court abused its discretion.

### III

**AFFIRMED**.  Peoples' motion for an extension of time to serve defendants his reply brief is **DENIED**.  His motion to proceed in forma pauperis is **GRANTED**, but we remind him of his obligation to make partial payments until his filing fees are paid in full.  <u>See</u> 28 U.S.C. § 1915(b)(1).

Entered for the Court


Carlos F. Lucero
Circuit Judge

6