**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN LEE JOHNSON,

     Plaintiff - Appellant,

v.

OK-DOC BOARD OF CORRECTIONS;
MICHAEL ROACH, Chairman of the
Oklahoma Department of Corrections
Board of Corrections,

     Defendants - Appellees.

No. 19-5105
(D.C. No. 4:17-CV-00418-TCK-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Representing himself, John Lee Johnson appeals the district court's summary judgment for the defendants on his complaint alleging an equal-protection violation under 42 U.S.C. § 1983.[1]  We affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In response to our order to show cause, Mr. Johnson has submitted a declaration showing that his notice of appeal is timely.  *See* Fed. R. App. P. 4(c)(1).  So we proceed, having jurisdiction under 28 U.S.C. § 1291.

## I.  Background

Oklahoma law requires its State Board of Corrections to place at least twenty percent of an inmate's wages in an account (savings account).  Okla. Stat. tit. 57, § 549(A)(5).  Inmates may use funds from their savings accounts to pay certain court fees or costs, and they receive the funds in their savings accounts upon their discharge.  *Id.*  The law exempts from the savings-account requirement inmates serving sentences of life without the possibility of parole (LWOP).  *Id.*

Mr. Johnson is serving ten consecutive 1,000-year sentences in Oklahoma state prison.  He sued, alleging that his sentence is tantamount to LWOP and, as a result, not exempting him from the savings-account requirement violates his right to equal protection of the law.  The district court concluded that Mr. Johnson did not show that enforcing § 549(A)(5) violates his right to equal protection and granted summary judgment for the defendants.

## II.  Discussion

### A.  Mr. Johnson's Request for Counsel

We first take up Mr. Johnson's request for counsel.  We "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  To decide whether to request counsel, we consider the nature of the factual issues, the complexity of the legal issues, the litigant's ability to present the claims, and the merits.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  The factual and

legal issues in this case are uncomplicated, and Mr. Johnson has capably presented

his claim. We therefore deny his request for counsel.[2]

## B. Equal Protection

Mr. Johnson argues that his sentence, though technically not LWOP, is

materially indistinguishable from LWOP because it is so long that he has no

possibility of discharge. For that reason, he says, he is similarly situated with LWOP

inmates. Exempting LWOP inmates but not him from the savings-account

requirement, his argument concludes, violates his right to equal protection.

### 1. Standard of Review

We review de novo a district court's decision to grant summary judgment,

applying the same standard governing the district court. *Rivero v. Bd. of Regents of

Univ. of N.M.*, 950 F.3d 754, 758 (10th Cir. 2020). Courts must grant summary

judgment when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is

material depends on the relevant substantive law. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of

the suit under the governing law will properly preclude the entry of summary

judgment." *Id.*

---

[2] We construe Mr. Johnson's pro se pleadings liberally, but we may not serve
as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2.  Analysis

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985) (internal quotation marks omitted). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* at 440. Rational-basis review, which applies here,[3] recognizes "that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary." *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 314 (1976) (per curiam). So a "classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality." *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 321 (1993) (internal quotation marks omitted). And because we do not require legislatures to articulate the reasons behind the laws they pass, it is "irrelevant for constitutional purposes whether the conceived reason for the challenged distinction

---

[3] The parties appear to agree that rational-basis review applies. We recognize that Mr. Johnson at times mentions a "heightened standard of review." For example, he "prays this court will allow a continued heightened standard of review." Aplt. Reply Br. at 3. But he also concedes that his challenge "to this statutory exemption is subject to rational-basis review." Aplt. Opening Br. at 2. In any event, rational-basis review applies because Mr. Johnson is not alleging that he is "part of a suspect class and is not alleging a fundamental-right violation," *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017).

4

actually motivated the legislature." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993).

Section 549(A)(5) is supported by a rational basis. Ensuring that inmates have funds upon their discharge to help them rejoin society without state assistance is a legitimate state interest. And to further that interest, it is rational to require savings accounts and further to exclude LWOP inmates (who will not be discharged) from that requirement. To be sure, the line drawn in § 549(A)(5) may not perfectly separate those who will be discharged from those who will not. This imperfection may cause some inequality. But "equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Beach Commc'ns*, 508 U.S. at 313. Where, as here, there are plausible reasons for a state's action, our inquiry must end. *See id.* at 313–14; *Vance v. Bradley*, 440 U.S. 93, 108 (1979) ("Even if the classification involved here is to some extent both underinclusive and overinclusive, and hence the line drawn by Congress imperfect, it is nevertheless the rule that in a case like this perfection is by no means required." (internal quotation marks omitted)).

The district court therefore correctly granted summary judgment despite Mr. Johnson's contention that there is a genuine dispute over a material fact— whether he is similarly situated with LWOP inmates. Although that point is disputed, it is not material because it will not affect the outcome of the suit. *See Anderson*, 477 U.S. at 248. Even if Mr. Johnson is similarly situated with LWOP inmates,

5

enforcing § 549(A)(5) does not deprive him of equal protection because that law's

classification has a rational basis.

### III.  Conclusion

We affirm the district court's judgment.

Entered for the Court


Allison H. Eid
Circuit Judge