**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KEVIN B. DICKINSON,

        Plaintiff-Appellant,

v.

NEW MEXICO BEHAVIORAL
HEALTH INSTITUTE,

        Defendant,

PAUL BAGWELL; PIERRE
ROUZAUD; BIKRAIM ALADDI,

        Defendants-Appellees.

No. 08-2089
(D.C. No. 1:06-cv-00257-MCA-LAM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.


      Plaintiff Kevin B. Dickinson, a prisoner of the State of New Mexico

appearing pro se, appeals from the district court's order granting summary

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment to defendants in this civil rights suit brought pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

We summarize the course of the proceedings in this case as follows. In March 2006, plaintiff filed his pro se complaint against the New Mexico Behavioral Health Institute (NMBHI) and three individuals who were NMBHI employees during the time period relevant here. R., Vol. 1, Doc. 1. The individual defendants are sued in their individual and official capacities, and are all doctors who were on staff at NMBHI when plaintiff was confined there for four months pursuant to a commitment order in an attempt to restore his competency to stand trial in a state criminal case. Plaintiff was subsequently released from NMBHI, tried, and convicted. Plaintiff claims he was denied necessary medical and psychological treatment and testing, as well as adequate access to legal materials and a computer. He claims his First and Fourteenth Amendment rights were violated while he was confined at NMBHI. With his complaint, plaintiff filed a motion for appointment of counsel. *Id.*, Doc. 2. The magistrate judge denied the motion because "Plaintiff's pleadings indicate to the Court that Plaintiff appears to understand the issues in the case and to be capable of representing himself in an intelligent and coherent manner." *Id.*, Doc. 8, at 2 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In June 2006, the district court sua sponte reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6) and dismissed plaintiff's claims against NMBHI with prejudice because NMBHI is not a "person" for purposes of 42 U.S.C. § 1983. R., Vol. 1, Doc. 9, at 2-3. The three individual defendants filed their *Martinez* report[1] in November 2006. Plaintiff filed objections and other motions in response to the *Martinez* report, including an objection that some of the attachments to the *Martinez* report were not legible. R., Vol. 1, Doc. 32-34, 37. Defendants resubmitted their *Martinez* report and filed a supplement to it in February 2007. *Id.*, Docs. 41-42.

In June 2007, plaintiff filed his third motion requesting meaningful access to an adequate law library and a computer and, in this request, asked in the alternative for the district court to stay the suit until after his projected release from prison at the end of January 2009. *Id.*, Doc. 60, at 1. The magistrate judge denied these requests in a thorough written order in December 2007, noting in particular that plaintiff had submitted a notice of change of address showing that he had been released from NMBHI at least by mid-April 2007, *see id.*, Doc. 52, and plaintiff had not shown that the defendants in this case had any control over his access to legal materials or a computer where he was then confined. *Id.*, Vol. 2, Doc. 80, at 4. The magistrate judge denied plaintiff's request for a stay because his motion showed that he had access to legal materials (although he

---

[1]     *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

-3-

complained that it was inadequate), and his filings showed that he was able to write legibly, so he was able to litigate his claims. *Id.* at 6. The magistrate judge concluded that staying the case until after January 2009 would prejudice the defendants, however. *Id.* The magistrate judge denied plaintiff's subsequent motion for reconsideration because he provided no factual or legal basis showing error in the prior order. *Id.*, Vol. 4, Doc. 97, at 3.

In July 2007 (before the magistrate judge ruled on plaintiff's motion for meaningful access to legal materials and a computer or to stay the suit), the three individual defendants filed their motion for summary judgment and memorandum in support. *Id.*, Vol. 2, Docs. 64-65. Plaintiff did not file a response to this motion, although he had filed objections and other motions in response to their *Martinez* report. Defendants' motion for summary judgment was referred to the magistrate judge.

In August 2007, more than a year after he filed his original complaint, plaintiff moved to amend his complaint to add new defendants and new claims based on subsequent events. *Id.*, Doc. 69. The magistrate judge denied the motion because of plaintiff's undue delay in seeking to amend and supplement his complaint and because granting the motion would prejudice the existing defendants, whose dispositive motion was ready for ruling. *Id.*, Vol. 3, Doc. 82, at 9-10. Plaintiff filed a motion for reconsideration, *id.*, Doc. 85, but the

magistrate judge denied it because plaintiff had provided no factual or legal basis showing error in the prior ruling, *id.*, Vol. 4, Doc. 96, at 3.

In February 2008, the magistrate judge issued a thorough recommendation that defendants' motion for summary judgment be granted. *Id.*, Doc. 99. Because plaintiff appeared pro se, the magistrate judge construed his pleadings and submissions liberally. *Id.* at 3 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). The magistrate judge examined plaintiff's medical claims and found them all to be wanting under the "deliberate indifference" standard that applies to pretrial detainees. *Id.* at 16-17 (discussing *Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The magistrate judge concluded based on her thorough analysis that defendants addressed and treated plaintiff's medical needs while he was confined at NMBHI. *Id.* at 17-30. The magistrate judge also thoroughly reviewed and rejected plaintiff's claim that he was denied his constitutional right of access to the courts while he was confined at NMBHI. *Id.* at 30-36.

Plaintiff filed written objections to the magistrate judge's recommendation. *Id.*, Vol. 5, Doc. 105. On de novo review, the district court concluded that plaintiff's objections were without merit and defendants were entitled to summary judgment. *Id.*, Doc. 110, at 1. The court explained that plaintiff was not excused from his failure to file a response to defendants' motion for summary judgment, because the magistrate judge's order for a *Martinez* report "gave Plaintiff specific

-5-

notice that the *Martinez* report could be used in deciding whether to grant summary judgment on his claims," and he should file his responsive materials, "including, but not limited to, any counter-affidavits or other responsive material." *Id.* at 2 (quotation omitted). Plaintiff's responses to the *Martinez* report showed that he understood the magistrate judge's statement. *Id.* The court also noted that the magistrate judge issued an order setting deadlines for responses to dispositive orders. *Id.* The court rejected plaintiff's assertions that he had inadequate access to a law library and should have been given access to a computer. *Id.* at 3-5, 9-10. The court found no error in the magistrate judge's failure to consider plaintiff's amended complaint, because plaintiff was never granted leave to amend his complaint. *Id.* at 5. The magistrate judge had denied plaintiff's motion to amend and motion for reconsideration. *Id.* The court rejected plaintiff's argument that the district court, not the magistrate judge, should have ruled on his motion for meaningful access to legal materials and a computer or to stay the case until he was released from prison because the magistrate judge's rulings on the original motion and on the motion for reconsideration were not a part of the magistrate judge's proposed findings and recommended disposition and therefore were not properly raised in plaintiff's objections to that recommendation. *Id.* at 10-11. The court rejected plaintiff's argument that the magistrate judge should have told him the legal standard for "deliberate indifference," because the court should not act as plaintiff's advocate.

*Id.* at 12 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court rejected plaintiff's other objections because they were not specific enough, *id.* at 6; they were improper attempts to raise new issues that were not before the magistrate judge, *id.* at 6-7, 9; they were vague and/or conclusory, *id.* at 8, 9, 11, 12, 13, 14; or they were unexplained, *id.* at 7-8, 12.

## II.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "Summary judgment should be granted 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)).

On appeal, plaintiff argues that: (1) defendants denied him access to the courts by refusing to provide him meaningful access to legal materials or someone trained in the law; (2) defendants were deliberately indifferent to his serious psychological needs by refusing either to evaluate or treat him or to refer him to a mental health provider; (3) the district court did not address his allegation that the unit at NMBHI was unclean and smelled of urine and feces; (4) the district court should have granted his request for appointed counsel because he had been declared incompetent to stand trial and because he had no adequate access to legal

materials or someone trained in the law; (5) the district court should have granted his motion to stay the case until he was released from prison and could do legal research and type his papers; (6) the district court should have allowed him to amend his complaint or considered his proposed amended complaint.

We have reviewed the parties' briefs and the record on appeal. We are unpersuaded by plaintiff's assertions of error, in light of the very thorough analysis done by the magistrate judge and the district court and the very high legal standards that apply to plaintiff's claims.

In order to state a viable claim of "deliberate indifference" to medical needs, plaintiff was required to show "both an objective and a subjective component." *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). "The objective component is met if the deprivation [of medical care] is 'sufficiently serious[,]'" meaning that the medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (further quotation omitted). "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). In order to show a denial of his constitutional right of access to the courts arising from an alleged lack of adequate legal materials, plaintiff was required to "'*demonstrate* that the alleged shortcomings in the library or legal

assistance program hindered his efforts to pursue a legal claim.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (emphasis added)).

Plaintiff did not satisfy these high legal standards. The magistrate judge's recommendation states that "Plaintiff disagrees with the mental health care he was given at NMBHI, but this does not amount to a constitutional violation." R., Vol. 4, Doc. 99, at 20. The magistrate judge carefully reviewed plaintiff's claims about his alleged ADHD and defendants' failure to treat this condition, as well as his COPD, back pain, skin rashes and a cancerous growth, and his allegation that the unit at NMBHI was unclean and smelled of urine and feces. The magistrate judge concluded, based on the facts presented, that defendants had addressed plaintiff's medical concerns, including referrals to outside healthcare providers where appropriate. Treatments and medications were provided to plaintiff. As regards his claim that defendants failed to treat him for Hepatitis C, which he had, or to test him for HIV, plaintiff has not alleged any harm and therefore has failed to establish the objective element of the deliberate indifference standard. As regards his claim that the conditions at NMBHI were unsanitary—even if accepted as true—plaintiff makes *no* allegation of physical injury and therefore cannot recover an award of compensatory damages for that claim. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807-08 (10th Cir. 1999).

Plaintiff also failed to show that the alleged denial of legal resources at NMBHI hindered his defense in his state criminal case. Although he represented himself at his criminal trial, he was appointed a very capable "standby counsel" to assist him. R., Vol. 4, Doc. 99, at 33. Plaintiff has shown no prejudice to his defense—or in his filing of a habeas action.

This case has been very thoroughly addressed by both the magistrate judge and the district court, which both had the benefit of a *Martinez* report, as well as defendants' affidavits in support of their summary judgment motion. The district court's ruling also addressed plaintiff's objections to the magistrate judge's proposed findings and recommended disposition. We are unpersuaded by plaintiff's assertions of error, and affirm for substantially the reasons stated by the district court.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge