**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL WAYNE CLAY,

      Plaintiff - Appellant,

v.

UNITED PARCEL SERVICE, INC.,

      Defendant - Appellee.

No. 14-3249
(D.C. No. 2:13-CV-02240-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Daniel Wayne Clay appeals the district court's order granting summary

judgment to his former employer United Postal Service, Inc. ("UPS") and denying his

motion for summary judgment on his claims of hostile environment and

discriminatory termination based on his race, African American, under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

Proceeding pro se, Clay also challenges the district court's order refusing to appoint

---

[*] After examining the briefs and appellate record, this panel determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

him counsel and the magistrate court's ruling allowing UPS an extension of time to answer his complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review summary judgment rulings de novo, applying the same legal standard as the district court. *Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as matter of law." Fed. R. Civ. P. 56(a). In making this determination, we view the facts and evidence in the light most favorable to the nonmoving party. *Morris*, 666 F.3d at 660. Because Clay is a pro se litigant, we construe his filings liberally, but we do not construct arguments or otherwise advocate on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Construing Clay's brief liberally, we discern two direct challenges to the district court's summary judgment ruling. First, Clay challenges the district court's decision to treat UPS' summary judgment motion as uncontested based on Clay's untimely response. Second, he complains the district court failed to adequately consider two of his factual allegations: (1) that a fellow employee's car bore a confederate flag license plate, and (2) that a member of UPS' management, in responding to Clay's comment about this license plate, told Clay he could "have a Black Panther sticker." Clay also generally argues the district court improperly applied the summary judgment standard.

Initially, the district court did not err in deciding UPS' motion as uncontested. Clay filed an untimely response to UPS' motion, and he does not argue otherwise. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) (holding untimely response can result in district court deciding motion as uncontested). Nor did the district court neglect to consider or improperly weigh the factual allegations referenced in Clay's appeal brief. The district court considered both allegations as well as Clay's other allegations of racially motivated behavior in concluding the complained-of conduct was not so "severe or pervasive" as to "alter the conditions of" Clay's employment. *See Morris*, 666 F.3d at 666-67 (discussing hostile work environment standard). Likewise, the district court properly weighed these facts in determining they did not create an inference of discrimination and in rejecting Clay's unlawful termination claims. *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 625 (10th Cir. 2012) (noting that to present a prima facie case of discrimination, plaintiff must prove adverse employment action occurred "under circumstances giving rise to an inference of discrimination").

After thoroughly reviewing the record, ruling, and briefs, we conclude the district court properly applied the summary judgment standards. And for the reasons stated by the district court, we affirm the court's grant of summary judgment to UPS and its denial of Clay's motion for summary judgment.

Clay also contends the district court erred in denying his motion for appointed counsel because he asserted circumstances justifying such appointment here—namely, that he raised Title VII claims, that he experienced difficulty meeting

3

deadlines, and that he was undergoing psychiatric therapy. We review denials of appointed counsel in civil cases for abuse of discretion. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

We have held that in considering whether to appoint counsel in a civil case district courts should consider the claim's merits, the nature of the factual issues asserted, the complexity of legal issues, and the litigant's ability to represent himself. *See Rucks*, 57 F.3d at 979. Here, the district court adequately considered these factors and appropriately denied Clay's request. Specifically, the court concluded that the facts and legal issues were not overly complex and that Clay showed an ability to adequately communicate the facts giving rise to his claims and to otherwise represent himself.

Similarly, we find no abuse of discretion in the magistrate court's decision to grant UPS a second extension of time to respond to Clay's complaint. *See Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (per curiam) (reviewing ruling on requested extension of time for abuse of discretion). UPS requested only a 10-day extension, and it supported the request with adequate reasons.

Finding no error in the challenged rulings, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge