**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

KENT G. SAVAGE,

     Plaintiff - Appellant,

v.

MARY FALLIN, individually; ROBERT PATTON, individually; JASON BRYANT, individually; JOE ALLBAUGH, individually; TERRY CLINE, individually and in his official capacity as Commissioner of Health Department, State of Oklahoma; ROBERT DOKE, individually and in his official capacity as State Fire Marshal, State of Oklahoma; JEFFREY HICKMAN, individually and in his official capacity as Speaker of the House, State of Oklahoma; BRIAN BINGMAN, individually and in his official capacity as Senate President Pro Tem, State of Oklahoma; CLARK JOLLEY, individually and in his official capacity as Chairman of the Senate Appropriations Committee, State of Oklahoma; SCOTT CROW, in his official capacity as Director of the Oklahoma Department of Corrections; KEVIN STITT, in his official capacity as Governor of the State of Oklahoma; RICK WHITTEN, in his official capacity as Warden of the James Crabtree Correctional Center,

     Defendants - Appellees.
_____

No. 20-6025
(D.C. No. 5:15-CV-01194-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.

_____

Kent Savage appeals the district court's dismissal of his claims against numerous Oklahoma officials involved with the state prison system. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

## BACKGROUND

Savage was an inmate at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma. Prison officials have since transferred him to the North Fork Correctional Center (NFCC) in Sayre, Oklahoma. In 2015, Savage, pro se, brought claims under 42 U.S.C. § 1983 against eight defendants in their individual and official capacities: Mary Fallin, the governor of Oklahoma; Robert Patton, the director of the Oklahoma Department of Corrections (ODOC);[1] Jason Bryant, the JCCC warden;[2] Terry Cline, commissioner of the Oklahoma Department of Health;

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] While this case was pending, the district court substituted subsequent ODOC directors Joe Allbaugh and Scott Crow, respectively, as defendants for Savage's official capacity claims.

[2] The district court later substituted Rick Witten, who succeeded Bryant as JCCC warden, as the defendant for Savage's official capacity claims.

2

Robert Doke, the Oklahoma fire marshal; and three members of the Oklahoma legislature (Jeffrey Hickman, Brian Bingman, and Clark Jolley). Savage alleged the conditions at JCCC were unconstitutionally harsh due to overcrowding and understaffing and that the defendants acted with deliberate indifference toward those conditions. He also asserted a state-law claim for intentional infliction of emotional distress (IIED).

The district court summarily dismissed all claims. In *Savage v. Fallin*, 663 F. App'x 588, 594 (10th Cir. 2016), we affirmed a majority of the dismissal order, but reversed as to defendants Fallin, Bryant, and Patton. On remand, Savage filed an amended complaint, seeking to reinstate his claims against all defendants and to bolster some of his factual allegations. The district court ultimately dismissed all claims in three orders.

In its first dismissal order, the district court screened the amended complaint and dismissed all claims against Cline, Doke, Hickman, Bingman, and Jolley. The court dismissed the claims against Cline and Doke under 28 U.S.C. § 1915A(b)(1) because the amended complaint failed to state a claim upon which relief could be granted against them. The court concluded Savage's amended complaint failed to plead both the objective and subjective components of an Eighth Amendment claim, and that it failed to allege a sufficiently outrageous level of conduct on the part of these defendants to impose liability against them for IIED, *see Durham v. McDonald's Rests. of Okla., Inc.*, 256 P.3d 64, 67 (Okla. 2011) (holding that, to state a claim for IIED under Oklahoma law, "[t]he test is whether the conduct is so

3

extreme in degree as to go beyond all possible bounds of decency, and is atrocious and utterly intolerable in a civilized community"). The district court dismissed the Eighth Amendment and IIED claims against Hickman, Bingman, and Jolley under 28 U.S.C. § 1915A(b)(2) because absolute legislative immunity shielded those defendants from liability.

In the second dismissal order, the court ruled on motions to dismiss filed by Fallin, Patton, Bryant, and Allbaugh. It denied the motion as to the claims against Bryant and Allbaugh in their official capacities because this court had already concluded the complaint pled sufficient facts to state an Eighth Amendment claim for deliberate indifference against them.[3] It also denied the motion as to claims against Bryant and Patton in their individual capacities based on our prior order. The court granted the motion as to the individual capacity claims against Allbaugh, however, because the amended complaint did not sufficiently allege that he was personally involved in the deprivation of Savage's federal rights.

The court granted Fallin's motion in full under the doctrine of legislative immunity. We had previously reversed the court's dismissal of the claims against Fallin, reasoning that Savage might have stated an Eighth Amendment claim against her based on actions she took in an administrative capacity. *Savage*, 663 F. App'x at 591. The district court concluded that, despite the conclusory use of the term

---

[3] Because Patton no longer acted in an official capacity, the district court implicitly granted the motion to dismiss the claim against him in his official capacity.

"administrative" in the amended complaint, the actions Savage complained of were within Fallin's policy-making authority and thus subject to legislative immunity.

In its third dismissal order, the district court addressed Savage's official capacity claims against ODOC director Crow and JCCC warden Whitten and his individual capacity claims against Bryant and Patton. The magistrate ordered the defendants to prepare a Special Report addressing Savage's claims. The Special Report stated that, at the time Savage filed his complaint, JCCC was operating below Oklahoma Board of Corrections capacity (capacity 1313, prisoner count 1312). Although the prisoner count of JCCC increased above capacity by early 2017, by that time prison officials had transferred Savage to NFCC, where the prisoner count was well below capacity (capacity 2610, prisoner count 1821). At that time, NFCC had filled 217 staff positions, budgeted 225 staff positions, and had authorization to fill 295 staff positions.

Given these facts, the district court concluded Savage failed to demonstrate a genuine dispute of material fact regarding whether he faced an unconstitutional risk of violence or physical injury due to overcrowding and understaffing. The court concluded the facilities generally met the minimum standards set by the principal accrediting agency, the American Corrections Association (ACA), and that "prisoner counts were well within the zone suggested by the various Eighth Amendment cases as meeting constitutional norms." R. Vol. 2 at 271. *See, e.g.*, *Brown v. Plata*, 563 U.S. 493*,* 539–41 (2011) (affirming 137.5% capacity as a remedial target in case alleging unconstitutional overcrowding).

The district court dismissed as moot the official capacity claims against the JCCC warden because Savage was no longer a JCCC inmate. The court dismissed the official capacity claims against ODOC director Crow and the individual capacity claims against Bryant and Patton based on the findings in the Special Report. Finally, the court declined to exercise supplemental jurisdiction over Savage's remaining IIED claims. Savage appeals, raising nine issues and seeking reinstatement of all claims against all defendants.

## DISCUSSION

While we construe pro se arguments liberally, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The first and second dismissal orders were for failure to state a claim upon which relief can be granted, and the third was a grant of summary judgment. We review both a dismissal under Fed. R. Civ. P. 12(b)(6) and a grant of summary judgment under Fed. R. Civ. P. 56 de novo. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1234 (10th Cir. 2020) (dismissals for failure to state a claim); *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (grants of summary judgment). We likewise "review de novo whether Defendants are immune from suit." *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir.), *cert. denied*, 140 S. Ct. 203 (2019).

To withstand a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

6

550 U.S. 544, 570 (2007). Conclusory allegations do not suffice. *Id.* at 557. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte Cnty.*, 546 F.3d 1299, 1306 (10th Cir. 2008) (internal quotation marks omitted).

1. *Whether the District Court Correctly Concluded that Legislative Immunity Barred Savage's Claims Against Hickman, Bingman, and Jolley*

Savage challenges the district court's dismissal, under the doctrine of absolute legislative immunity, of his amended claims against three Oklahoma legislators. "Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (internal quotation marks omitted). This includes decisions regarding prison funding, which are "a discretionary, policymaking decision implicating the budgetary priorities of the [state] and the services the [state] provides to its constituents." *Id.* at 55–56.

Citing *Ryan v. Burlington County*, 889 F.2d 1286, 1291 (3d Cir. 1989), Savage argues these defendants' actions were administrative, not legislative, because their

7

decisions only affected a small number of individuals—i.e., Oklahoma's prison population. But we have declined to follow *Ryan* and cases like it which determine legislative function by "rest[ing] their analysis on the number of persons affected by a legislative body's decision." *Kamplain v. Curry Cnty. Bd. of Comm'rs*, 159 F.3d 1248, 1251 (10th Cir. 1998).[4] We therefore reject this argument and affirm the dismissal of Hickman, Bingman, and Jolley.

2. *Whether the District Court Correctly Concluded Savage Failed to Sufficiently Plead Eighth Amendment Claims Against Cline and Doke*

Savage challenges the district court's dismissal of his Eighth Amendment claims against Cline and Doke. An Eighth Amendment conditions-of-confinement claim has both a subjective and objective component: "courts considering a prisoner's claim must ask both if the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal alterations and quotation marks omitted). An official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). For the objective component, "only those deprivations

---

[4] Savage also asserts the doctrine of legislative immunity violates the constitutional doctrine of separation of powers. But, because he devotes no more than one unsupported sentence to this argument, it is insufficiently developed for us to consider. *See Garrett*, 425 F.3d at 841.

8

denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9 (internal quotation marks omitted).

In his original complaint, Savage alleged Cline and Doke were individually liable for the crowded prison conditions because, despite regular inspections of JCCC, they did not act to remedy the overcrowding. We held these allegations were insufficient to plead the subjective element of an Eighth Amendment claim because they "[did] not plausibly suggest that [Cline or Doke] were personally aware of conditions at JCCC giving rise to a substantial risk that inmates would suffer serious harm." *Savage*, 663 F. App'x at 594. We also held that, to the extent Savage complained that the crowded prison conditions impacted "sanitation facilities, food supplies, prison maintenance, and other programs," his allegations "[rose] merely to the level of discomfort or inconvenience, and [were] not sufficiently serious to support an Eighth Amendment claim." *Id.* at 592. Although we reinstated Savage's claims that prison conditions posed an unconstitutional risk to his personal safety, we affirmed the dismissal of his claims alleging substandard environmental conditions.

In his amended complaint, Savage added allegations that Cline and Doke had personally read inspection reports showing substandard environmental conditions. R. Vol. 1 at 253. Assuming these additional allegations cured the deficiency in his complaint in the subjective component of his claims, they did not address the deficiency in the objective component pertaining to substandard environmental conditions. We therefore affirm the dismissal of Cline and Doke.

9

3. *Whether the District Court Correctly Dismissed Savage's § 1983 Claim for Emotional Distress*

Savage challenges the district court's dismissal, under 42 U.S.C. § 1997e(e), of the claims in his amended complaint for emotional distress damages in connection with his § 1983 claims. We need not address this challenge separately, because Savage's § 1983 claims fail regardless of whether he made the prior showing of physical injury required under § 1997e(e).

4. *Whether the District Court Correctly Concluded Savage Failed to Sufficiently Plead Eighth Amendment Claims Against Allbaugh*

Savage argues the district court erroneously dismissed the individual capacity claims against Allbaugh in his amended complaint. Savage's claims against Allbaugh, unlike his claims against Patton and Bryant, did not allege that Allbaugh had any personal involvement in the alleged violation of his Eighth Amendment rights. *See Farmer*, 511 U.S. at 837. The district court therefore correctly dismissed them.

5. *Whether the District Court Correctly Dismissed the Claims Against Fallin Based on Legislative Immunity*

Savage argues the district court erred in dismissing his claims against Fallin because his amended complaint adequately pled that she took unlawful administrative actions outside the scope of her legislative immunity. In his amended complaint, Savage alleged Fallin was liable for failing to sign certain bills, failing to seek a larger appropriation for ODOC, failing to "prompt" the Oklahoma legislature to increase the ODOC budget, promoting laws to make more crimes a felony, defending

10

the lack of funding to ODOC, and appointing too many former prosecutors to the pardon and parole board who would not grant pardons or parole. We agree with the district court that these actions are all within the scope of Fallin's policymaking authority and that legislative immunity therefore protects her from suit.

Savage now argues that "only some of the complaints might possibly be considered legislative, but not all." Opening Br. at 19. He points to the allegation in his amended complaint that "Governor Fallin was primarily responsible for the continual delay of implementing the Justice Reform Initiative (JRI) and other proposed programs to address prison overcrowding and understaffing." *Id.* (quoting R. Vol. 1 at 251). Assuming, though, that delay of the JRI is an administrative action, the conclusory allegation that Fallin "was primarily responsible" for that delay, without more, is insufficient to state a claim for relief under § 1983. We therefore affirm the district court's dismissal of the claims against Fallin.

6. *Whether the District Court Reasonably Declined to Appoint Counsel or to Permit More Discovery Before Ruling on Defendants' Motions for Summary Judgment*

Savage challenges the district court's third dismissal order on the basis that he did not have the benefit of appointed counsel when preparing written discovery requests prior to the entry of summary judgment.[5] He acknowledges that he "had a few relevant discovery request[s] which [were] attributed to luck," Opening Br. at 22,

---

[5]Appointed counsel represented Savage from August 2017 to May 2018 but withdrew for personal reasons. Savage moved for appointed counsel again, but the district court denied that motion in October 2018. Savage appealed that denial, but we dismissed the appeal for lack of subject matter jurisdiction.

but asserts that more discovery and the help of appointed counsel would have led to a different outcome. We reject this contention. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Savage does not offer any reason to conclude the district court abused its discretion when it declined to appoint counsel. He also does not articulate what discovery the district court denied, why the denial of that discovery was improper, or how the discovery would have altered the summary-judgment decision. He therefore falls well short of establishing an abuse of discretion.

7. *Whether the District Court Correctly Granted Summary Judgment Against Savage on his Eighth Amendment Claims Based on the Special Report*

Savage argues the district court should not have granted summary judgment on his Eighth Amendment claims because, notwithstanding the findings of the Special Report, the conditions at JCCC and NFCC posed an unconstitutionally high risk to his personal safety. He argues the district court erred by relying on an ACA audit report of JCCC, points to allegations in his amended complaint that the staffing levels at JCCC were insufficient, and cites interrogatory responses in which the defendants indicated there were 128 "reportable incidents" at JCCC from December 25, 2013 through November 1, 2018 and 309 such incidents at NFCC from August 17, 2016 through December 31, 2018. (Opening Br. at 25–26, citing R. Vol. 2 at 173, 182). These arguments are unpersuasive.

Although we agree that accreditation from the ACA does not, in itself, guarantee that prison conditions satisfy constitutional standards, *see Gates v. Cook*,

12

376 F.3d 323, 337 (5th Cir. 2004), the district court did not rely exclusively on JCCC's compliance with ACA standards when it concluded that JCCC's conditions did not pose an unconstitutional risk to inmate safety. The undisputed material facts demonstrated that prisoner counts were lower than that suggested by Eighth Amendment cases as meeting constitutional standards and that the incidence of violence was rare at JCCC while Savage was an inmate there. And, the "reportable incidents" Savage cites from the defendants' interrogatory responses include many incidents other than verified instances of inmate-on-inmate violence. *See* R. Vol. 2 at 179–82. These statistics alone are insufficient to demonstrate Savage was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

8. *Whether the District Court Correctly Granted Summary Judgment to Patton*

Savage argues the district court erred in dismissing his individual capacity claims against Patton. Savage asserted that Patton was individually responsible for the decision to transfer some prisoners from county jails to the state system. The district court, relying on Okla. Stat. tit. 57, § 521(A), accepted Patton's argument that such transfers were legally required. Savage challenges that argument on appeal. We need not resolve this challenge, though, because we agree with the district court's ultimate determination that JCCC and NFCC were not unconstitutionally overcrowded.

13

*9. Whether the District Court Correctly Dismissed Savage's Claims for IIED*

Savage argues the district court should reinstate his claim for IIED.  The district court declined to exercise supplemental jurisdiction over this claim because it dismissed all federal claims.  *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) ("If federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (internal quotation marks and alterations omitted)).  Having affirmed the dismissal of the federal claims on the merits, we decline to disturb this conclusion as to the state claims.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Allison H. Eid
Circuit Judge