**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRIAN TYRONE SCOTT,

    Plaintiff - Appellant,

v.

BETSY HORMEL, CHSA-Medical, in
official and individual capacity; KELLI
CURRY, Food Service Manager III, in
official and individual capacity; JASON
BRYANT, Warden of James Crabtree
Correctional Center, in official and
individual capacity; JOE ALLBAUGH,
Director of Department of Corrections, in
official and individual capacity,

    Defendants - Appellees.

No. 20-6130
(D.C. No. 5:18-CV-00395-SLP)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Brian Scott, pro se,[1] appeals the dismissal of his claims against four officials with the Oklahoma Department of Corrections (ODOC) for violating his Eighth Amendment rights. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Factual Background

Scott is an inmate at the James Crabtree Correctional Center (JCCC) in Oklahoma. He has diabetes and is a follower of Messianic Judaism. In 2013, he requested a kosher diet through the prison chaplain, who approved the request. But Scott continued to purchase non-kosher foods from the commissary, so, consistent with prison regulations, prison officials would periodically suspend Scott's kosher diet.

Scott was on one such suspension on January 25, 2018, when he had a medical appointment with Dr. Willienell Bryant-Pitts, a JCCC physician. During that appointment, Dr. Bryant-Pitts discussed with Scott the importance of managing his diabetes through diet and exercise. At Scott's request, Dr. Bryant-Pitts ordered a kosher diet. Per ODOC policy, however, medical personnel cannot order religious diets—such requests must go through the prison chaplaincy. On February 6, 2018, Dr. Bryant-Pitts, realizing her error, cancelled the order for a kosher diet.

Based on the twelve-day period from January 25 to February 6, in which he was not receiving a kosher diet, Scott sued four ODOC officials—JCCC Correctional Health

---

[1] Because Scott proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

Services Administrator Betsy Hormel, Food Services Manager Kelli Curry, JCCC Warden Jason Bryant, and ODOC Director Joe Allbaugh—under 42 U.S.C. § 1983 in their individual and official capacities for deliberate indifference to his medical needs in violation of the Eighth Amendment. He sought money damages and also injunctive relief which would order the restoration of his kosher diet.

After the defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and on recommendation of the magistrate judge, the district court dismissed the claims against Bryant and Allbaugh in their entirety and dismissed the official-capacity claims seeking money damages against Hormel and Curry. Hormel and Curry then moved for summary judgment on the remaining claims against them in their individual capacities. They supported their motion with several exhibits, including a screenshot illustrating the entry and subsequent cancellation of Dr. Bryant-Pitts's order for a kosher diet (the "screenshot exhibit"). In his response, Scott challenged the authenticity of the screenshot exhibit, so, with their reply, defendants submitted an affidavit from Amanda Callender, a Correctional Health Services Administrator II at JCCC, who averred:

> Dr. Pitts mistakenly entered an order for a kosher diet on 01/25/2018. An ODOC nurse brought the error to the doctor's attention on 02/06/2018. In turn, Dr. Pitts cancelled the order. The order was invalid and did not affect the status of the inmate's religious diet. Although it appears that Dr. Pitts initiated and cancelled the inmate's religious diet, the text order and cancellation of the order was never recognized or fulfilled by any other department at the facility because it was never valid or permitted per agency policy.

3

R. vol. 1 at 676.

In his written objections, Scott argued generally that the court should defer ruling on the motion for summary judgment until it permitted him more discovery. He also attached as an exhibit to his objections a "Motion for an Order Compelling Disclosure or Discovery," R. vol. 2 at 36–40, along with a copy of Defendants' responses to his interrogatories and requests for production of documents, in which they objected and refused to respond.

The district court granted summary judgment in favor of Hormel and Curry and dismissed Scott's remaining claims, concluding Hormel and Curry were justified in relying on ODOC policy, "which does not categorize a kosher diet as one which may be prescribed for medical reasons." *Id.* at 46 (brackets and internal quotation marks omitted). Liberally construing Scott's discovery-related objections as a request under Fed. R. Civ. P. 56(d) to defer ruling on the motion for summary judgment pending further discovery, the court rejected it as untimely and futile, concluding the only relevant issue for which Scott sought discovery concerned the authenticity of the screenshot exhibit, which Defendants addressed with the Callender affidavit.

Scott now appeals, arguing the district court erred by (1) denying his request for appointed counsel, (2) granting the motion for summary judgment while denying his request for additional discovery before ruling, and (3) denying his post-judgment "Petition for Error Coram Nobis." We reject these arguments.

## II. Appointment of Counsel

"We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). When considering a request to appoint counsel, "the factors to be considered . . . includ[e] the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (internal quotation marks omitted). Scott argues because he is a member of the Muskogee (Creek) Nation, a federally recognized Indian tribe, he was entitled to court-appointed counsel under 25 U.S.C. § 175. He further argues that, considering all surrounding circumstances including his difficulty investigating his claims, the district court should have appointed counsel in the exercise of its discretion.

We reject Scott's contention that § 175 requires the appointment of counsel any time a member of a federally recognized Indian tribe requests it in any civil suit. The statute provides: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." *Id.* But § 175 "is not mandatory and . . . its purpose is no more than to ensure Native Americans adequate representation in suits to which they might be parties." *Navajo Nation v. San Juan Cnty.*, 929 F.3d 1270, 1278 (10th Cir. 2019) (internal alterations and quotation marks omitted)).

And Scott does not persuade us the district court abused its discretion when it declined to appoint counsel under the circumstances here. The court considered the

5

relative simplicity of Scott's claims, his demonstrated facility with court procedure and ability to articulate his claims, and the liberal pleading standards that governed review of his pro se submissions. These findings were sufficient to deny appointment of counsel. *Cf. Rucks*, 57 F.3d at 979 (concluding district court did not abuse its discretion in denying appointment of counsel when litigant "appear[ed] to be capable of presenting his case intelligently and coherently"; "the issues in [the] case were not particularly complex"; and "even with appointed counsel, [he] had little likelihood of prevailing on the merits"). We therefore will not disturb the judgment of the district court based on its denial of Scott's request for appointed counsel.

## III.    Grant of Summary Judgment and Denial of Discovery

Scott next argues the district court erred in granting summary judgment without first compelling responses to his interrogatories and requests for production of documents. Relatedly, he argues the court erred in considering the screenshot exhibit and Callender affidavit in its summary judgment order. "We review a district court's grant of summary judgment de novo, applying the standard articulated in Federal Rule of Civil Procedure 56(a)." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1250 (10th Cir. 2021). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review the district court's denial of a Rule 56(d) motion for an abuse of discretion. The party requesting deferral of judgment shoulders the burden of demonstrating an abuse of

6

discretion." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (alterations, citation, and internal quotation marks omitted).

The district court neither erred nor abused its discretion in granting summary judgment here. To prevail on his Eighth Amendment claim, Scott needed to prove Defendants Hormel and Curry were deliberately indifferent to his medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference includes a subjective component, met if a prison "official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. The undisputed evidence in this case establishes ODOC prison officials offered Scott a special "diet for health" to better manage his diabetes, but he frequently refused it and signed waivers of treatment.

The only relevant documents and information Scott sought before the court entered summary judgment concerned Callender's dates of employment with ODOC. But this issue did not bear on the fundamental basis for the court's summary judgment decision: because Hormel and Curry acted consistently with ODOC policy, they did not exhibit deliberate indifference to Scott's medical needs when denying his request for a kosher diet. The district court was therefore correct to grant summary judgment to Hormel and Curry, and it did not abuse its discretion by declining to defer its judgment to allow Scott to pursue further discovery.

## IV. Petition for Error Coram Nobis

Scott last urges this court to reconsider the district court's denial of his "Petition for Error Coram Nobis," which he filed after the court granted Hormel and Curry's summary judgment motion and which the district court construed as a

7

Fed. R. Civ. P. 59(e) motion to alter or amend its judgment.  In substance, though, the arguments Scott made in connection with that motion are identical to those we have considered and rejected in this appeal, so they provide no basis for reversal.

**V.      Conclusion**

We affirm the judgment of the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge